## STEPHAN v. UNITED STATES.

No. —. Decided June 1, 1943.

*Messrs. Nicholas Salowich* and *James E. McCabe* were on the brief for the applicant.

*Solicitor General Fahy* was on the brief for the United States.

Per Curiam.

This case is before us on an application for the allowance of a direct appeal as of right from a judgment of the district court sentencing applicant to death, it being contended that such an appeal may be taken pursuant to the section appearing in the United States Code (1940 edition) as § 681 of Title 18. The application was presented to Mr. Justice Reed, and by him referred to the full Court. Cf. *Budlong* v. *Budlong*, 296 U. S. 550; *Brown* v. *Lane*, 232 U. S. 598, 600; *Spies* v. *Illinois*, 123 U. S. 131, 143; *Bess* v. *West Virginia*, 308 U. S. 509. A similar application has been denied by the trial judge on the ground, among others, that the section relied on to establish the jurisdiction of this Court has been repealed. 49 F. Supp. 897.

Stephan was convicted of treason upon a jury trial and sentenced to death. 18 U. S. C. § 2. The Circuit Court of Appeals for the Sixth Circuit, sitting en banc, affirmed the conviction, 133 F. 2d 87, and after careful consideration of the case we denied certiorari. 318 U. S. 781, rehearing denied, 319 U. S. 783. He now contends that, in addition to the appellate review which he has already obtained, he is entitled to an appeal as of right from the district court directly to this Court, in view of the provisions of 18 U. S. C. § 681, which in terms authorizes such an appeal "in all cases of conviction of crime the punishment of which provided by law is death, tried before any court of the United States."

This section of the Code has its origin in § 6 of the Act of February 6, 1889, 25 Stat. 655, 656, which granted a writ of error as of right from this Court to any federal trial court "in all cases of conviction of crime the punishment of which provided by law is death." This provision preceded the creation of circuit courts of appeals by the Act of March 3, 1891, 26 Stat. 826. See *United States* v. *Rider*, 163 U. S. 132, 138. Section 5 of the

latter Act provided that appeals be taken from district courts (or the existing circuit courts) directly to this Court in six specified classes of cases, one of which was "In cases of conviction of a capital or otherwise infamous crime"; and by § 6 it was provided that the circuit courts of appeals should exercise appellate jurisdiction "in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law."

The Act of January 20, 1897, 29 Stat. 492, withdrew from this Court and transferred to the circuit courts of appeals appellate jurisdiction in criminal cases not capital. This was accomplished by deleting, from the clause of § 5 of the Act of March 3, 1891, just quoted, the phrase "or otherwise infamous," so that the direct appeal to this Court was preserved only "in cases of conviction of a capital crime."

Section 5 remained in that form until the enactment of the Judicial Code. Act of March 3, 1911, 36 Stat. 1087. Section 238 of the Judicial Code (36 Stat. 1157), which in connection with § 236 (36 Stat. 1156) defined the jurisdiction of this Court on direct appeals from district courts, set forth the substance of § 5 of the Act of March 3, 1891, except that it omitted the clause providing for appeals from the trial court to this Court "in cases of conviction of a capital crime." This omission was not accidental, but deliberate, and its purpose was to withdraw the jurisdiction of this Court to entertain a direct appeal from a district court in a capital case. This may be seen from the notes of the Revisers, which state:

"The only change made in the section is in striking out the words 'in cases of conviction of a capital crime.' The effect of this is to take from the Supreme Court jurisdiction in capital cases and to transfer the jurisdiction it now possesses to the circuit courts of appeals." S. Rep. No. 388, Part 1, 61st Cong., 2d Sess., p. 77; and also H. R. Doc. No. 783, Part 1, 61st Cong., 2d Sess., p. 81.

Consistently with this purpose, § 128 of the Judicial Code provided (36 Stat. 1133) that "The circuit courts of appeals shall exercise appellate jurisdiction . . . in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court, as provided in section two hundred and thirty-eight, unless otherwise provided by law." And § 297 directed (36 Stat. 1169) that "all other Acts and parts of Acts, in so far as they are embraced within and superseded by this Act, are hereby repealed."

Such a plain purpose, established both by language of the Judicial Code and its legislative history, cannot be ignored. Our appellate jurisdiction is defined by statute (*Ex parte McCardle,* 7 Wall. 506, 512; *The Francis Wright,* 105 U. S. 381, 386; *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 210 U. S. 281, 292) and it is evident that since 1911 the statutes have not authorized a direct appeal to this Court in capital cases. The fact that the words of 18 U. S. C. § 681 have lingered on in the successive editions of the United States Code is immaterial. By 1 U. S. C. § 54 (a), the Code establishes "prima facie" the laws of the United States. But the very meaning of "prima facie" is that the Code cannot prevail over the Statutes at Large when the two are inconsistent. Cf. *Warner* v. *Goltra,* 293 U. S. 155, 161; *Cloverleaf Co.* v. *Patterson,* 315 U. S. 148, 164, n. 16.

Accordingly the application for leave to appeal is denied, and the stay heretofore granted is vacated.

*So ordered.*