**MURRELL v. WESTERN UNION TEL. CO.**

No. 11670.

Circuit Court of Appeals, Fifth Circuit.

April 11, 1947.

788

Edgar W. Waybright, Jr., and Thelma H. Waybright, both of Jacksonville, Fla., for appellant.

Harold B. Wahl and Scott M. Loftin, both of Jacksonville, Fla., and Francis R. Stark, of New York City, for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant Murrell sued appellee in a federal district court for $1,000, alleging that his action arose under the Act of Congress of June 19, 1934, Sect. 601, 48 Stats. 1101, 47 U.S.C.A. § 601,[1] and Title 47 U.S.C.A. § 8; and that appellee, having as a telegraph company filed its acceptance of the provisions of Sections 1 to 6 and Section 8 of Title 47 of the Code had failed and neglected to speedily and promptly transmit three telegraphic communications after having agreed with appellant for a consideration to do so. The complaint was dismissed on motion because "the penalty created by 47 U.S.C.A. § 8, is for the benefit of, and can be recovered only by the United States; it is not available to an individual". This appeal followed.

Appellant contends that the plain language of section 8 supports his suit; that the preceding section 7 expressly mentions telegrams sent "for the Government and for the general public"; and that the penalty authorized by section 8 to be sued for in the district court, no plaintiff being specified, is to be understood as recoverable by himself as the party injured and concerned under principles set forth in 25 C.J., Fines, Forfeitures and Penalties, § 98. Appellee contends that the history of the legislation shows that only failure to transmit the telegraphic communications presented by the public functionaries named in it were penalized, and that the United States alone may sue.

■ The United States Code was not enacted as a statute, nor can it be construed as such. It is only a prima facie statement of the statute law. The statutes collected in it did not change their meaning nor acquire any new force by their inclusion. If construction is necessary, recourse must be had to the original statutes themselves. Section 2(a) of the Act of June 30, 1926, 44 Stats. Part 1, page 1.

Section 7 of Title 47 is derived from an appropriation Act which referred to railroad companies which have telegraph lines, and authorized them to transmit telegrams for the Government and for the general public on accepting the restrictions and obligations which by previous legislation had been prescribed for telegraph companies who desired to use the public domain for their wires. It did not amend or change the obligations of telegraph companies. Act of June 23, 1879, 21 Stats. p. 31.

The telegraph companies were first allowed to use the public domain, including post roads, by the Act of July 24, 1866, 14 Stats. 221. The principal obligation then imposed was to transmit certain messages for the United States at such rates as the Postmaster General should annually fix and to give them priority over other business. No penalties were provided for failure, except nonpayment for services.[2] The Joint Resolution of February 9, 1870, 16 Stats. p. 369, authorized the Secretary of War to transmit meteorological messages by telegraph. Then the Act of June 10, 1872, 17 Stats. 367, provided as to telegraph companies accepting the benefits of the Act of 1866, "If such company, its agents, or employees shall hereafter refuse or neglect to

<hr/>

[1] Section 601 refers only to the transfer of functions of the Interstate Commerce Commission to Federal Communications Commission.

[2] See as to payment 17 Stats. p. 366.

transmit any such telegraphic communications as are provided for by the aforesaid act or by the joint resolution approved February nine, eighteen hundred and seventy * * * (it) shall forfeit and pay to the United States not less than one hundred and not exceeding one thousand dollars for each refusal or neglect aforesaid, to be recovered by an action or actions at law, in any district court of the United States." The intent is here clear to bring within the penalty provision only the failure to transmit the specified government telegraphic communications, and to make the penalty recoverable only by the United States.

■ This provision was carried into the Revised Statutes of 1873 as Section 5269, reading thus: "Whenever any telegraph company, after having filed its written acceptance with the Postmaster General of the restrictions and obligations required by the Act approved July twenty-fourth, eighteen hundred and sixty-six, entitled 'An act to aid in the construction of telegraph lines, and to secure to the Government the use of the same for postal, military, and other purposes,' or by this Title, shall, by its agents or employes, refuse or neglect to transmit any such telegraphic communications as are provided for by the aforesaid act, or by this Title or by the provisions of section two hundred and twenty-one, Title 'The Department of War', authorizing the Secretary of War to provide for taking meteorological observations at the military stations and other points of the interior of the continent, and for giving notice on the northern lakes and the sea-board of the approach and force of storms, such telegraph company shall be liable to a penalty of not less than one hundred dollars and not more than one thousand dollars for each such refusal or neglect." The Revised Statutes constituted a new statute, and if inconsistent with the older statutes which are incorporated therein, the Revised Statutes control. Revised Statutes, Sect. 5596. But there is no inconsistency here. Although express mention of the United States as the beneficiary of the penalties is dropped, the failures to transmit that are penalized are still carefully restricted to the public messages mentioned in the Act of 1872, being those pro-

vided in the Act of 1866 and the Joint Resolution of 1870. "This Title", to wit Title LXV of the Revised Statutes, is for present purposes identical with the Act of 1866, embodying and superseding it; and Section 221 of the Title "Secretary of War" covers the same messages as were dealt with in the Joint Resolution of 1870. Thus all the messages protected by the penalties continued to be only the messages of the United States, and not the messages of private individuals. By necessary inference the United States would be the party to sue. The mention of the court in which suit should be brought was restored by the Act of Feb. 27, 1877, 19 Stats. p. 252.

The matter so stood until the United States Code was promulgated. Its compressed language cannot be held to have enlarged these penalties or changed their beneficiary as is here contended.

Judgment affirmed.