### SHELDON–CLAIRE CO. v. JUDSON ROBERTS CO., Inc., et al.

United States District Court
S. D. New York.
Oct. 11, 1949.

Louis Waldman, New York City (Irving Choban, New York City, and Martin Markson, New York City, of counsel), for plaintiff.

Field, Goldman & Greene, New York City (Milton D. Goldman, New York City, of counsel), for defendants Judson-Roberts Co., Inc. and E. D. Davis.

COXE, District Judge.

These are motions (1) by plaintiff to strike two counterclaims and one defense in the answer of defendants Judson-Roberts Company and Davis, and (2) by plaintiff, and by defendants Judson-Roberts Company and Davis, to determine the order in which examinations before trial should proceed. The defendant Sadow has not been served with process.

The complaint contains three counts: (1) for infringement of plaintiff's copyrights, (2) for misappropriation and wrongful use of plaintiff's secret list of subscribers and customers, and (3) for unfair competition.

The material allegations of the complaint are that for many years plaintiff and its predecessors have been engaged in the business of creating, publishing and furnishing to its subscribers throughout the United States, who were employers of labor, educational programs, consisting of booklets, pamphlets and posters designed to teach, inspire and instruct workers and management in the improvement of labor-management relations, the development and maintenance of good-will towards each other, and the increase of production through greater cooperation between labor and management; that, during 1947, 1948 and 1949, two such programs, entitled "It's Up to All of Us" and "Produce Better—Live Better", were prepared and copyrighted; that the individual defendants, Davis and Sadow, had been employed by plaintiff as salesmen and in managerial capacities in its sales department for about six years prior to the end of 1948, and, in such capacities, had access to plaintiff's copyrighted material and private subscribers lists, which, when their employment by plaintiff terminated in 1948, they took with them; that Davis thereupon caused the defendant Judson-Roberts Company (hereafter referred to as "Judson") to be organized, of which both Davis and Sadow are now officers and employees; that Judson is engaged in the same line of business as plaintiff, and in competition with it; that defendants have produced, with the use of substantial parts of plaintiff's copyrighted material, a similar program, entitled "Production Power is Peace Power", which, by the use of such subscribers lists, they are seeking to sell and are selling to plaintiff's customers and others; and that defendants are unfairly competing with plaintiff by imitating in their program the distinctive format, size, type, layout and arrangement of printed and pictorial matter, etc., used by defendants with intent to deceive and

mislead plaintiff's customers and the public into the belief that their program is published by plaintiff, by making various false representations to plaintiff's customers and others concerning plaintiff and its program and concerning the relationship of defendants and their program to plaintiff and its program, and by enticing away plaintiff's salesmen and having them solicit the same customers of plaintiff whom they had been soliciting while in plaintiff's employment.

*First.*—The first part of plaintiff's motion is to strike, under Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A., the second counterclaim of defendant Judson on the ground that it does not state a claim upon which relief can be granted, and that this court does not have jurisdiction, or, in the alternative, to strike, pursuant to Rule 12(f), paragraphs twenty-sixth to thirty-three, inclusive, in the second counterclaim on the ground that the allegations are redundant, immaterial, impertinent, scandalous and prejudicial.

It is alleged in this counterclaim that plaintiff is engaged in a series of acts, policies and practices, to the prejudice of the public and the competitors of Judson, which constitute unfair methods of competition and tend to create a monopoly within the intent and meaning of the Federal Trade Commission Act 15 U.S.C.A. § 41 et seq., and the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note. These acts, policies and practices are alleged to be (1) advising customers of Judson to throw out the service of Judson, in which event they will be given plaintiff's service for the period covered by the Judson service, without charge; (2) advising prospective customers of Judson that plaintiff had received an injunction against Judson, so that any contract with Judson could not be performed; (3) advising prospective customers of Judson and others that the material used by Judson was stolen from plaintiff, that Judson's entire program was obtained through a cheating policy, and that any contract with Judson would result in a lawsuit to the customer; (4) advising customers and prospective customers of Judson and others that Judson is engaged in illegal competition, is not financially capable of remaining in business, and is and will be unable to fulfill its obligations under any contract with its customers, and (5) threatening completely to eradicate Judson as a competitive factor and stating that it will put Judson out of business. It is then alleged that these acts, policies and practices prevent Judson from engaging in its business in competition with plaintiff and from exercising its lawful trade and calling, for the purpose of creating a monopoly and practicing unfair competition; that these acts, policies and practices are unlawful, contrary to public policy, and constitute unfair methods of competition in interstate commerce under Section 5 of the Federal Trade Commission Act and Sections 1 and 2 of the Sherman Anti-Trust Act, and that these acts, policies and practices in restraining competition are unfair and intended to destroy competition in this type of business.

In my opinion, this counterclaim does not state a claim upon which relief can be granted. It is not alleged that any of the statements made in the advices to customers were false. If true, plaintiff had the right to make them without being chargeable with unfair competition. So far as the threat to put Judson out of business is concerned, it is not alleged to whom the threat was made. If made to Judson itself, it does not constitute an act of unfair competition. The acts, policies and practices alleged do not tend unlawfully to destroy competition or to create a monopoly under the Sherman Anti-Trust Act. If plaintiff's copyrights are valid, as I must assume them to be for present purposes, it has the monopoly afforded by the Copyright Act, 17 U. S.C.A. § 1 et seq., regardless of the Sherman Act. Mere statements and threats do not constitute violations of the Sherman Act. Specific overt acts must be pleaded, as well as some specific injury to Judson's business or property. The conclusory allegation that continuance of these acts, policies and practices will "utterly ruin and destroy the defendants' business, property, goodwill and prestige" is insufficient. Ebeling v. Foster & Kleiser Co., D.C.W.D., Wash., 12 F.Supp. 489; Brunswick-Balke-

Collender Co. v. American B. & B. Corp., D.C., S.D., N.Y., 2 F.R.D. 487.

*Second.*—The second part of plaintiff's motion is to strike, pursuant to Rule 12(b), the second counterclaim of defendant Davis and the third counterclaim of defendant Judson, on the ground that each fails to state a claim upon which relief can be granted, or, in the alternative, to strike, pursuant to Rules 12(b) and (f), certain paragraphs in each as failing to state claims upon which relief can be granted and as immaterial, or, in the further alternative, to order the said defendants, pursuant to Rule 12(e), to make each of the counterclaims more definite and certain by stating the place or places, and the times when, the alleged defamatory words are claimed to have been spoken and the particular words alleged to have been spoken in each place.

In these two counterclaims it is sought to recover damages from plaintiff for injuries to the good name, credit and reputation of Davis as a business man and of Judson as a business concern, resulting from the malicious utterance by plaintiff, its officers, servants, agents and employees, before many persons, of certain allegedly false and defamatory words of and concerning them. No special damages, only general damages, are alleged. The alleged defamatory words are, as to Davis, the following:

(a) "Davis has been cheating and stealing material from the Sheldon-Claire Company."

(b) "Davis is engaged in an illegal business."

(c) "That Davis sneaked into the accounts of the Sheldon-Claire Company."

As to Judson, the alleged defamatory words are the following:

(d) "The Judson-Roberts Company, Inc. is using material stolen from the Sheldon-Claire Company and its entire program was obtained through a cheating policy."

(e) "That the Sheldon-Claire Company has an injunction against Judson-Roberts Company, Inc. and that Judson-Roberts Company, Inc. is violating the law in the face of such an injunction."

Some of these utterances, if false, would seem to be slanderous *per se* and to be actionable without allegation or proof of special damage. For example, that "Davis had been cheating and stealing material from the Sheldon-Claire Company", which is clearly injurious to the good name and reputation of Davis as a business man. See Pollard v. Lyon, 91 U.S. 225, 23 L.Ed. 308; Meyerson v. Hurlbut, 68 App.D.C. 360, 98 F.2d 232, 118 A.L.R. 313, certiorari denied 305 U.S. 610, 59 S.Ct. 69, 83 L.Ed. 388; Sandifer v. Electrolux Corp., 4 Cir., 172 F.2d 548; Dupont Engineering Co. v. Nashville Banner Pub. Co., D.C., M.D. Tenn., 13 F.2d 186.

But there are no allegations in these counterclaims as to the times and places when these alleged defamatory statements were made, or as to the individuals who uttered them. Plaintiff alleges that its business is nationwide. Inasmuch as, under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, whether spoken words are slanderous *per se* or not depends upon the law of the place of utterance, and as the laws of the various States may well differ in this respect, the defendants should be required to make their counterclaims more definite and certain by stating the place and the time when each alleged false statement was made and the person by whom it was made.

*Third.*—The third part of plaintiff's motion to strike, under Rule 12(f), the first defense of defendants Judson and Davis, alleging that the complaint fails to state a claim against such defendants upon which relief can be granted, is granted on the grounds that Judge Ryan has already upheld the sufficiency of the complaint, and the defense may be raised at the trial on the merits, under Rule 12(h).

*Fourth.*—As to the motions by plaintiff and defendants Judson and Davis to determine the order in which the examinations before trial should proceed, I think the plaintiff is entitled to examine defendants Judson and Davis before these defendants examine plaintiff. The plaintiff's motion for examination of defendants Jud-

son and Davis is accordingly granted, and these defendants are directed to produce, at such examination, the documents specified in the notice already served. The examination of plaintiff by defendants Judson and Davis is deferred until after the completion of the examinations of defendants Judson and Davis, and plaintiff is likewise directed to produce, at such examination, the documents specified in the notice for examination already served.