**NATIONAL USED CAR MARKET REPORT, Inc. v. NATIONAL AUTO. DEALERS ASS'N et al.**

Civ. No. 600–51.

United States District Court
District of Columbia.

Nov. 6, 1951.

King & Nordlinger, Washington, D. C., for plaintiff.

James C. Moore, Washington, D. C., Gordon L. Eakle, Washington, D. C., Leo F. Tierney, Chicago, Ill., for defendants.

BASTIAN, District Judge.

Plaintiff has filed suit under Section 1 of the Sherman Act, 15 U.S.C.A. § 1, Section 2(a) of the Clayton Act, as amended, 15 U.S.C.A. § 13(a), and Section 3 of the Robinson-Patman Act, 15 U.S.C.A. § 13a. Defendants have moved to dismiss.

Plaintiff is the publisher of a used car guide known as the "Blue Book". One of the corporate defendants (National Automobile Dealers Used Car Guide Company) publishes a similar used car guide. The other corporate defendant (National Automobile Dealers Association) conducts studies and research for the benefit of those new car dealers who are its members. The two corporate defendants have interlocking managements. The individual defendants are officers of the corporate defendants. The corporate defendant publishing a used car guide similar to that published by the

694

plaintiff distributes it to all dues-paying members of the other corporate defendant.

■■ The first count, which relies upon Section 1 of the Sherman Act, 15 U.S.C.A. § 1, should be dismissed. It appears to the Court that before any action may be maintained under this Section there must be injury to the public. At the least, there must be facts alleged from which it can be determined as a matter of law that by reason of intent, tendency, or the inherent nature of the contemplated acts, the conspiracy, contract, or combination, etc., is reasonably calculated to prejudice the public interest by unduly restraining the free flow of commerce. Such is not the case here, and so dismissal must result. Feddersen Motors, Inc. v. Ward, et al., 10 Cir., 180 F.2d 519; District of Columbia Citizen Pub. Co. v. Merchants & Manufacturers Ass'n, Inc., D.C., 83 F.Supp. 994; Neumann v. Bastian-Blessing Co., D.C., 70 F.Supp. 447; Ruddy Brook Clothes, Inc., v. British Foreign & Marine Insurance Co., Ltd., D.C.N.D.Ill. 103 F.Supp. 290; decided by Judge Campbell in Apex Hosiery Co. v. Leader, 310 U.S. 469, 493, 500, 60 S.Ct. 982, 84 L.Ed. 1311; Arthur v. Kraft-Phenix Cheese Corp., D.C., 26 F.Supp. 824; Abouaf v. J. D. & A. B. Spreckels Co., D.C., 26 F.Supp. 830.

■ The Court is also of the opinion that the second count, which is brought under 15 U.S.C.A. § 13(a), must be dismissed. The plaintiff has apparently alleged both a sale and a gift of the guide which defendant National Automobile Dealers Used Car Guide Company publishes. If there was a gift, the count should be dismissed, because the statute requires a discrimination in *price* between different purchasers; and it is obvious that in such a case there would be no price and no purchasers. On the other hand, if a sale is claimed, the count should be dismissed because no price is set up, to either members or non-members, and the facts alleged afford no basis for inferring that the price paid by one in the form of dues is lower or higher than the price paid by the other in the form of the subscription price. The alleged discrimination apparently consists of differences between the defendants' methods of billing National Automobile Dealers Association members and non-members.

■ The statute involved here is applicable only "where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them." The Court believes that the effect upon competition is alleged only in the language of the statute, and that such allegation is only a conclusion of the pleader without facts to support it.

■ The situation is similar to one where a professional or trade association bills its members for dues which include a trade or professional publication but sells the publication to outsiders. This, in the opinion of the Court, does not constitute discrimination in the sense defined by the statute.

■ The third count, which is based upon Section 3 of the Robinson-Patman Act, 15 U.S.C.A. § 13a, must also be dismissed. This count alleges that the defendants and each of them have in the past sold or contracted to sell, and now continue to sell or contract to sell, said "Guide" at unreasonable prices, for the purpose of destroying competition by plaintiff, etc. There is doubt as to whether or not an action for damages or an injunction can be maintained under this statute. The view taken by many legal publications and law review articles is to the effect that no action for damages or for an injunction can be maintained thereunder. 50 Harvard Law Review 121; 85 University of Pennsylvania Law Review 306, 312; 22 Washington University Law Quarterly 153, 182; 22 American Bar Association Journal 593, 649. However, the Courts have tended to the other position. Balian Ice Cream Co., Inc., v. Arden Farms Co., D.C., 94 F.Supp. 796; Atlanta Brick Co. v. O'Neal, D.C., 44 F.Supp. 39; Myers v. Shell Oil Co., D.C., 96 F.Supp. 670. The Court is inclined to the view that no action for damages or for injunction is maintainable under the Section in question. But assuming,

without deciding, that such an action is maintainable under Section 3 of the Robinson-Patman Act, the count still must be dismissed. The Court feels that the allegations in the complaint are merely repetitions of the language of the statute. They are conclusions of the pleader without facts pleaded to support them.

The complaint will be dismissed. Settle judgment on two days' notice.