**NATIONAL USED CAR MARKET RE-
PORT, Inc. v. NATIONAL AUTOMO-
BILE DEALERS ASS'N et al.**

No. 11390.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 20, 1952.

Decided Nov. 20, 1952.

Bernard I. Nordlinger, Washington, D.
C., with whom Milton W. King, Wallace
Luchs, Jr., and Robert B. Frank, Washing-
ton, D. C., were on the brief, for appel-
lant.

Leo F. Tierney, Chicago, Ill., with whom
Gordon L. Eakle and James C. Moore,
Washington, D. C., were on the brief, for
appellees.

Before EDGERTON, WILBUR K.
MILLER, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Plaintiff's complaint attempts to state
claims under the Sherman Act, 50 Stat. 693,
15 U.S.C.A. § 1, the Clayton Act, 49 Stat.
1526, 15 U.S.C.A. § 13(a), and the Robin-
son-Patman Act, 49 Stat. 1528, 15 U.S.C. §
13a. The defendants are two corporations
and several individuals some of whom are
officers of both. We think the District
Court was right, for the reasons it gave, in
dismissing counts 2 and 3 of the complaint.
National Used Car Market Report, Inc. v.
National Automobile Dealers Ass'n, D.C.,
108 F.Supp. 692. But we think the court
erred in dismissing count 1.

Count 1 alleges among other things
that the members of the defendant National
Automobile Dealers Association are 30,000
of the 43,000 new car dealers in the United
States; that the defendant National Auto-
mobile Dealers Used Car Guide Company
publishes a used car price list or "Guide";
and that the defendants are engaged in a
combination in restraint of interstate com-
merce the effects of which include a "boy-
cott" of the pocket-size used car price list
or "Blue Book" which plaintiff publishes in
competition with the "Guide"; more spe-
cifically, "an agreement and concert of ac-
tion among defendant corporations (produc-
ers) and their members (consumers) not to
purchase plaintiff's pocket-size 'Blue
Book' ". If this allegation were construed
strictly against the pleader, it might be tak-
en to mean only that two or three of the

Association's 30,000 members agreed not to buy plaintiff's book. But the allegation must be construed favorably, not strictly. "On a motion to dismiss, the plaintiff's allegations are to be taken as true and all reasonable favorable inferences arising therefrom are to be indulged. Dioguardi v. Durning, 2 Cir., 139 F.2d 774." Callaway v. Hamilton National Bank of Washington, 90 U.S.App.D.C. 228, 195 F.2d 556, 559. Construed favorably, the quoted allegations of the complaint may mean that all 30,000 members of the Association agreed not to buy plaintiff's book.

The District Court took the view that before an action may be maintained under § 1 of the Sherman Act "there must be injury to the public. At the least, there must be facts alleged from which it can be determined as a matter of law that by reason of intent, tendency, or the inherent nature of the contemplated acts, the conspiracy, contract, or combination, etc., is reasonably calculated to prejudice the public interest by unduly restraining the free flow of commerce." We think it might be determined as a matter of law that the broad trade boycott here alleged is reasonably calculated to prejudice the public interest. However that may be, we think it is not necessary to make specific allegations or proof of public injury in order to show that a trade boycott of such breadth violates the Sherman Act. "Interstate commerce includes the interstate purchase, sale, lease, and exchange of commodities and any combination or conspiracy which unreasonably restrains such purchase, sale, lease or exchange is within the terms of the Anti-Trust Act * * *." Binderup v. Pathe Exchange, Inc., 263 U.S. 291, 311, 44 S.Ct. 96, 100, 68 L.Ed. 308; Fashion Originators' Guild of America, Inc. v. Federal Trade Commission, 312 U.S. 457, 61 S.Ct. 703, 85 L.Ed. 949. Cf. Standard Oil Co. of California v. United States, 337 U.S. 293, 69 S.Ct. 1051, 93 L.Ed. 1371. Apex Hosiery Co. v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311, on which appellees rely, did not involve a trade boycott.

Affirmed as to counts 2 and 3;

Reversed as to count 1.