**WALDES KOHINOOR, Inc., Plaintiff,**

v.

**Vincent A. STABILE and Madeline Stabile, individually and as co-partners, doing business as Industrial Retaining Ring Company, Defendants.**

United States District Court
S. D. New York.
April 18, 1956.

Rubin, Baum & Levin, New York City, for plaintiff.

Mock & Blum, New York City, for defendants.

NOONAN, District Judge.

The plaintiff herein pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Title 28 U.S.C., seeks to secure an order of this court dismissing count II of the defendants' counterclaim. on the ground that that count fails to state a claim upon which relief can be granted; and, pursuant to Rule 12(e), it seeks to procure an order requiring the defendants to make a more definite statement of count I of the counterclaim by setting forth the names of the customers to whom sales were allegedly made by plaintiff at below the established price and the approximate date of each such sale.

The form of the counterclaim is not so vague or ambiguous that the plaintiff cannot reasonably be required to frame its reply.

If it has alternative defenses depending upon the sales involved, it can answer alternatively and resolve the matter subsequently by recourse to the liberal discovery procedure available in this court. The defendants should not be required to limit the proof of their case at this stage in the proceeding.

In its motion to dismiss count II of the counterclaim, the plaintiff asserts that this count, being based on 15 U.S. C.A. § 15 (Section 4 of the Clayton Act) to recover treble damages for alleged violation of 15 U.S.C.A. § 13a (Section 3 of the Robinson-Patman Act), is, in effect, an attempt to recover a civil penalty based on a purely penal statute which provides for no such civil recovery, and is, therefore, invalid.

The wording of Section 15 applies its provisions to anything "forbidden in the antitrust laws". The definition of the term "anti-trust laws" in 15 U.S.C.A. § 12 includes sections 1–27 of Title 15.

While acts prohibited by 15 U.S.C.A. § 13a thus would appear to be covered by section 15 pursuant to the definition in section 12, the plaintiff contends that Congress never intended that Section 3 of the Robinson-Patman Act, 15 U.S.C.A. § 13a should be included as one of the "anti-trust laws" for which a private civil action might be maintained.

The plaintiff asserts that Section 3 of the Robinson-Patman Act is exclusively a penal statute, is new rather than amendatory in character, and is completely independent of any other law on the subject (particularly the Clayton Act).

In support of this view the plaintiff cites various extra-judicial authorities and the obiter in one District of Columbia case, National Used Car Market Report, Inc. v. National Auto. Dealers Association, D.C., 108 F.Supp. 692, affirmed 91 U.S.App.D.C. 313, 200 F.2d 359.

While these contentions possess considerable merit and no decision directly on this point yet has been made in this district, the weight of logic and authority throughout the country appears to be against such construction.

In the National Used Car case, supra, the court decision most strongly relied upon by the plaintiff, Judge Bastian expressed his inclination to support the view held by the plaintiff herein, but did not base his decision on that inclination. In fact, he stated in part as follows, 108 F.Supp. at page 694:

"There is doubt as to whether or not an action for damages or an injunction can be maintained under this statute. The view taken by many legal publications and law review articles is to the effect that no action for damages or for an injunction can be maintained thereunder." (Citing cases.)

The partial affirmance of this decision by the United States Court of Appeals, District of Columbia Circuit, did not touch upon the point in question.

In Atlanta Brick Co. v. O'Neal, D.C. E.D.Tex., Texarkana Div., 44 F.Supp. 39, at page 43, Judge Dawkins, in discussing Section 3 of the Robinson-Patman Act, stated in part:

"It does not provide in express terms that persons injured by things forbidden shall have a cause of action but by declaring them unlawful, the person so injured, I think, is entitled to invoke its provisions, if he can allege and prove injury proximately caused by such violations."

In the case of Spencer v. Sun Oil Co., D.C.D.Conn., 94 F.Supp. 408, at page 410, Judge Smith stated concisely:

"The first defense contention is that 13a is a penal provision only, since it does not purport within itself to apply civil sanctions and since the definition of anti-trust laws in the Clayton Act, 15 U.S.C.A. § 12 et seq., was not expanded to include the new sections which the Robinson-Patman Act became. However, 13a attacks the problem of monopoly and obstruction of competition in interstate commerce, and is, therefore, an 'anti-trust law' for violation of which civil remedies are given by Title 15 U.S.C.A. §§ 15 and 26."

In Balian Ice Cream Co., Inc., v. Arden Farms Co., 94 F.Supp. 796, Judge Yankwich, of the United States District Court for the Southern District of California, Central Division, went into the legislative history of the Robinson-Patman Act, and other similar legislation, in a scholarly decision which dealt directly and at length with each and every point raised by the plaintiff on this motion.

He concluded, in an opinion too extensive to quote, that the provisions of the Robinson-Patman Act (including Section 3 thereof) were part of the anti-trust laws of the United States. Although not appealed on this point, the United States Court of Appeals for the Ninth Circuit has cited with approval Judge Yankwich's conclusion. Karseal Corporation v. Richfield Oil Corp., 9 Cir., 221 F.2d 358, 365. See also Myers v. Shell Oil Co., D.C.S.D.Cal.C.D., 96 F.Supp. 670,

673; F. & A. Ice Cream Co. v. Arden Farms Co., D.C.S.D.Cal.C.D., 98 F.Supp. 180.

In Hershel California Fruit Products Co., Inc., v. Hunt Foods, Inc., D.C.N.D. Cal.S.D., 119 F.Supp. 603, U. S. District Judge Oliver Carter, while voicing his doubts as to the correctness of the view prevalent elsewhere in his circuit, nevertheless felt bound thereby.

At page 606 he stated:

"The question of whether or not a private party may maintain an action for damages or an injunction as a result of a violation of Section 3 of the Robinson-Patman Act has been considered by several courts. Holding that that statute is one of the 'anti-trust laws of the United States' and that an action thereunder is maintainable by a private party are:" (citing cases and also pointing out citations for other views).

He went on to say:

"While the court has grave doubts as to the correctness of the view that the Robinson-Patman Act is one of the 'anti-trust laws' and that Section 3 of that Act is included within the provisions of Sections 4 and 16 of the Clayton Act giving a private party the right to maintain an action for an alleged violation of the statute, this view represents the weight of authority of the United States District Courts which have passed upon the question."

In a decision not officially reported, [Hipps v. Bowman Dairy Co., U.S.D. C. for N.D. of Illinois, E.D., Docket # 48C1478–A, dated 4–13–51, unofficially reported in 1950–1951 C.C.H. Trade Cases 64, 536 (Paragraph 62, 859)] District Judge Philip L. Sullivan, in deciding the merits of defendant's motion to dimiss one count of the plaintiff's complaint, based solely on the contention that Section 3 of the Robinson-Patman Act is not an anti-trust law within the meaning of Section 4 of the Clayton Act, cited the opinion of the United States Supreme Court in the Bruce's Juices case, infra, as authority for the proposition that a private, treble damage sanction was available for damages incurred as a result of violations of the Robinson-Patman Act.

In the case of Bruce's Juices, Inc., v. American Can Co., 330 U.S. 743, at page 750, 67 S.Ct. 1015, at page 1018, 91 L.Ed. 1219, Mr. Justice Jackson, speaking for the majority of the Court, said by way of dicta, with respect to the Robinson-Patman Act:

"The Act prescribes sanctions, and it does not make uncollectibility of the purchase price one of them. Violation of the Act is made criminal and upon conviction a violator may be fined or imprisoned. 49 Stat. 1528, 15 U.S.C. § 13a, 15 U.S.C.A. § 13a. Any person who is injured in his business or property by reason of anything forbidden therein may sue and recover threefold the damages by him sustained and the costs of suit, including a reasonable attorney's fee. 38 Stat. 731, 15 U.S.C. § 15, 15 U.S.C.A. § 15. This triple damage provision to redress private injury and the criminal proceedings to vindicate the public interest are the only sanctions provided by Congress."

(See also the dissent therein of Mr. Justice Murphy speaking for the four-man minority).

In conclusion, and relying upon the weight of judicial opinion throughout the country, and in particular upon the logic and phraseology of Judge Yankwich's decision in the Balian Ice Cream Co. case, supra, this court hereby denies the plaintiff's motion to dismiss count II of the defendants' counterclaim.

Motions denied. Settle order.