**Harry V. VANCE, Trustee in Bankruptcy for Frank Melvin Thompson, Bankrupt, Appellant,**

**v.**

**SAFEWAY STORES, Incorporated, a corporation, Appellee.**

**No. 5366.**

United States Court of Appeals
Tenth Circuit.

Nov. 6, 1956.

Rehearing Denied Dec. 4, 1956.

Writ of Certiorari Granted March 4, 1957.

See 77 S.Ct. 591.

Robert J. Nordhaus, Nordhaus & Moses, Albuquerque, N. M., for appellant.

John B. Tittmann, Albuquerque, N. M. (W. A. Keleher, Albuquerque, N. M., Douglas Stripp, and Watson, Ess, Marshall & Enggas, Kansas City, Mo., were with him on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The Trustee in Bankruptcy for Frank Melvin Thompson brought this action against Safeway Stores, Inc., to recover treble damages under § 3 of the Robinson-Patman Act, 15 U.S.C.A. § 13a.[1] The complaint is based solely upon violations of the second and third clauses of § 3, wherein it is alleged that Safeway made sales at unreasonably low prices and territorial discrimination in prices for the purpose of injuring competition to the damage of Thompson, who at the time was in the retail grocery business in Albuquerque, New Mexico. It suffices to say that the allegations, if true, constituted violations of § 3. The trial court expressed doubt as to the constitutionality of § 3, but chose to base its conclusion on a holding that the section was no part of the antitrust statutes of the United States, and dismissed the action on the ground that a civil action for treble damages was not available to a private litigant under 15 U.S.C.A. § 15. We do not agree with this conclusion.

■ 15 U.S.C.A. § 15 was included in the Clayton Act, 38 Stat. 730, and provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor * * * and shall recover threefold the damages by him sustained, * * *" together with reasonable attorney's fees and costs. The Clayton Act defined "antitrust laws" as designated statutes existing at the time. Upon codification this section became 15 U.S.C.A. § 12, and defined "antitrust laws" as sections 1–27 of Title 15. It is contended that § 13a was not one of those antitrust laws as defined in § 1 of the Clayton Act and the codifiers could not amend the law by including it in § 12. This is no doubt true if § 3 is a separate act. The code is only prima facie evidence of the law, and the language of the original statute controls. Act creating U.S.Code, U.S.C.A. Vol. 1, p. 4; Stephan v. United States, 319 U.S. 423, 63 S.Ct. 1135, 87 L.Ed. 1490; Murrell v. Western Union Tel. Co., 5 Cir., 160 F.2d 787. If, however, § 3 is in fact an amendment to the Clayton Act, it was properly designated in the codification. To be an amendment to an existing law, the statute need not be so labeled. A law is amended when it is permitted to remain and something is added or taken from it or is in some way changed or altered to better accomplish its purpose. United States ex rel. Palmer v. Lapp, 6 Cir., 244 F. 377; Balian Ice Cream Co. v. Arden Farms Co., D.C., 94 F.Supp. 796.

■ In holding that § 3 was not an amendment to the Clayton Act but a

---

1. Section 13a reads as follows:
"Discrimination in rebates, discounts, or advertising service charges; underselling in particular localities; penalties.
"It shall be unlawful for any person engaged in commerce, in the course of such commerce, to be a party to, or assist in, any transaction of sale, or contract to sell, which discriminates to his knowledge against competitors of the purchaser, in that, any discount, rebate, allowance, or advertising service charge is granted to the purchaser over and above any discount, rebate, allowance, or advertising service charge available at the time of such transaction to said competitors in respect of a sale of goods of like grade, quality, and quantity; to sell, or contract to sell, goods in any part of the United States at prices lower than those exacted by said person elsewhere in the United States for the purpose of destroying competition, or eliminating a competitor in such part of the United States; or, to sell, or contract to sell, goods at unreasonably low prices for the purpose of destroying competition or eliminating a competitor.
"Any person violating any of the provisions of this section shall, upon conviction thereof, be fined not more than $5,000 or imprisoned not more than one year, or both. June 19, 1936, c. 592, § 3, 49 Stat. 1528."

separate Act for which a civil remedy was not available to the plaintiff under § 15, the trial court relied to a large extent upon the legislative history of the Act. Safeway here insists that the history sustains the trial court, while the Trustee maintains the opposite view. We think a study of the committee reports, the discussions and debates on the Robinson-Patman Act, both in the House and Senate, leads to the conclusion that it was generally understood at the time that § 3 of that Act was supplementary and amendatory of the antitrust laws and that in addition to the criminal sanctions, an injured party could recover treble damages under the provisions of the Clayton Act. The Act dealt exclusively with the subject matter of the existing antitrust laws. It was a continuation of the Congressional attack upon the evils of combinations, monopolies and restraints of trade and commerce designed to stifle competition. In each instance " 'Congress was dealing with competition, which it sought to protect, and monopolies which it sought to prevent' ". Standard Oil Co. v. Federal Trade Comm., 340 U.S. 231, 249, 71 S. Ct. 240, 249, 95 L.Ed. 239; Staley Mfg. Co. v. Federal Trade Commission, 7 Cir., 135 F.2d 453. The title to the Act states that it is an act to amend § 2 of the Clayton Act, and for other purposes, but the enacting clause recites only that § 2 "is amended to read as follows:" and the entire Robinson-Patman Act follows, although the first section, designated as § 2, is in quotation marks, while the last three sections are not. We do not think that failure to include the last three sections in quotation marks has the significance which the trial court gave to it, because these sections are not referred to in any other manner than in the enacting clause. Without specific language excluding these three sections from the enacting clause, we feel constrained to hold that they are included thereunder and must be considered as amending the Clayton Act.

In Balian Ice Cream Co. v. Arden Farms Co., supra, Judge Yankwich, in a thorough and painstaking review of antitrust legislation and the authorities, concluded that § 3 was an amendment of the Clayton Act and upheld the right of a private litigant to sue for treble damages under § 15. We adopt the reasoning and conclusions reached in that case. Generally the courts which have had occasion to consider the question have agreed that the recovery of treble damages was available to private litigants for violation of § 13a. Atlanta Brick Co. v. O'Neal, D.C.E.D.Tex., 44 F.Supp. 39; A. J. Goodman & Son v. United Lacquer Mfg. Corp., D.C.Mass., 81 F.Supp. 890; Spencer v. Sun Oil Co., D.C.Conn., 94 F.Supp. 408; Myers v. Shell Oil Co., D.C.S.D.Cal., Cen.Div., 96 F.Supp. 670; Hershel Cal. Fruit Prod. Co. v. Hunt Foods, D.C.N.D.Cal. S.D., 119 F.Supp. 603, appeal dismissed 9 Cir., 221 F.2d 797. In National Used Car Market, Inc., v. National Auto Dealers Ass'n, D.C.D.C., 108 F.Supp. 692, the District Court was inclined to the view that § 3 did not provide a civil remedy for damages, but did not so hold. The action was dismissed on other grounds and affirmed, 91 U.S.App.D.C. 313, 200 F.2d 359.

Although it was not necessary to a decision in the case, the Supreme Court, in Bruce's Juices, Inc., v. American Can Co., 330 U.S. 743, 750, 67 S.Ct. 1015, 1018, 91 L.Ed. 1219, had this to say:

"The Act prescribes sanctions, and it does not make uncollectibility of the purchase price one of them. Violation of the Act is made criminal and upon conviction a violator may be fined or imprisoned. 49 Stat. 1528, 15 U.S.C. § 13a, 15 U.S.C.A. § 13a. Any person who is injured in his business or property by reason of anything forbidden therein may sue and recover threefold the damages by him sustained and the costs of suit, including a reasonable attorney's fee. 38 Stat. 731, 15 U.S.C. § 15, 15 U.S.C.A. § 15. This triple damage provision to redress private injury and the criminal proceedings to vindicate the public in-

terest are the only sanctions provided by Congress."

Considering the result in Moore v. Mead Service Co. (Fine Bread Co.), 10 Cir., 184 F.2d 338, vacated and remanded 340 U.S. 944, 945, 71 S.Ct. 528, 95 L.Ed. 681, and 10 Cir., 208 F.2d 777, reversed 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145, 150,[2] and what was said in the Bruce's Juices case, without further word from the Supreme Court, we would be extremely hesitant to hold that a valid judgment for treble damages could not be had for violations of § 13a.

Reversed.

---

**2.** In the Mead Bread case, as in this case, the plaintiff sought treble damages for violations of § 13(a). We first sustained a dismissal of the complaint. Upon mandate from the Supreme Court, this judgment was vacated and the case was tried to a jury which returned a verdict in favor of Moore for treble damages. We reversed and remanded with instructions to enter judgment for the defendant. The Supreme Court reversed and affirmed the judgment of the District Court. Although the question here was not raised, the court held that violations of § 13(a) were "included within the scope of the antitrust laws" with the right to treble damages, even though the victim is a local resident and no interstate transactions were used to destroy it.