**SPERRY RAND CORPORATION,**
Plaintiff,

v.

**NASSAU RESEARCH AND DEVELOPMENT ASSOCIATES, Inc.,** The Narda Microwave Corporation, The Narda Manufacturing Corporation and John C. McGregor, Defendants,

Peerless Instrument Co., Inc., Carl A. Frische, Samuel C. Yeaton and W. G. Neumann, Additional Defendants on Counterclaim.

Civ. No. 16151.

United States District Court
E. D. New York.

Oct. 7, 1958.

Brumbaugh, Free, Graves & Donohue, New York City, for plaintiff and additional defendants Frische, Yeaton and Neumann. Dana M. Raymond, Frank W. Ford, Jr., New York City, of counsel.

Delavan Smith, New York City, for defendants. Edwin S. Shapiro, Hilda Polak, New York City, of counsel.

BRUCHHAUSEN, District Judge.

This action was brought by plaintiff for alleged infringement of certain patents. The action was commenced in January 1956. Defendants' motion for leave to file an amended answer and counterclaim was denied without prejudice in March 1957. Defendants then filed a second amended answer and counterclaim in March 1957 and plaintiff's motion to dismiss was substantially granted by Judge Byers, Sperry Rand Corporation v. Nassau Research and Development Associates, Inc., D.C., 152 F. Supp. 91.

Plaintiff filed an amended and supplemental complaint adding two additional patents to the action and naming two additional corporations as defendants. The defendants filed an answer thereto with a counterclaim. On May 16, 1958, Judge Rayfiel signed an ex parte order whereby Peerless Instrument Co., Inc., Carl A. Frische, Samuel C. Yeaton and W. G. Neumann were made defendants to the counterclaim.

Plaintiff now moves to vacate the ex parte order, strike the counterclaim and the defense to plaintiff's amended and supplemental complaint.

To include additional defendants, movant must demonstrate that said defendants are necessary parties for the granting of complete relief on the counterclaim. Rule 13(h) Federal Rules of Civil Procedure, 28 U.S.C.A. Defendants have not shown such necessity. The counterclaim is based on an alleged conspiracy between Sperry and Peerless. Defendants allege that Sperry by threatening to terminate their business relationship forced Peerless to withdraw its financial participation in defendant Nassau, thus indicating that Peerless would be a victim of Sperry's action rather than a co-conspirator.

As to the added defendants Frische, Yeaton and Neumann, Judge Byers ruled that a corporation conspiring with its own employees would in effect be conspiring with itself, citing Nelson Radio & Supply Co., Inc., v. Motorola, 5 Cir., 200 F.2d 911.

Defendants base their efforts to include said defendants in this counterclaim on the inclusion of Peerless as a defendant and an alleged conspiracy with Peerless. Since Peerless should be stricken as a defendant said contention is invalid and the ex parte order should be vacated.

As to the counterclaim, these allegations were presented to Judge Byers therefore the Court's ruling must be followed and paragraphs 39, 40, 46 and 47 should be stricken.

Paragraph 45 sets forth that in furtherance of the alleged conspiracy, certain statements were made to the Bureau of Aeronautics concerning Sperry's intention to put Nassau out of business and that it would be unwise to make purchases from Nassau. The allegation does not include mention of

specific overt acts or injury and therefore must be stricken. Sheldon-Claire Co. v. Judson Roberts Co., D.C., 88 F.Supp. 120.

In his opinion Judge Byers upheld paragraph 35 of the counterclaim before him which is the same as paragraph 49 of the pleadings now before this Court. It is stated that claims are made under 15 U.S.C.A. §§ 13a and 15 based on allegedly discriminating sales prices established by plaintiff. Judge Byers relied on Vance v. Safeway Stores, Inc., 10 Cir., 239 F.2d 144 to uphold the right of a private litigant to bring an action under said statutes.

Subsequent to the making of that decision the Supreme Court overruled Vance v. Safeway Stores, Inc., supra, in Nashville Milk Co. v. Carnation Co., 355 U.S. 373, 78 S.Ct. 352, 2 L.Ed.2d 340, holding therein that a private cause of action does not lie for practices forbidden by said statutes. Therefore paragraph 35 of the prior counterclaim and paragraph 49 of the counterclaim at issue should be stricken.

The defendants maintain in their brief that the statute at issue is really 15 U.S.C.A. § 13(a) rather than 13a and that 13a was written through a typographical error. The decision must be based on the statute indicated in the pleadings. If there was an error this is not the proper procedure for correction.

The questions of the validity of paragraphs 31–50 as a defense were ruled on by Judge Byers and such ruling must be followed. Said paragraphs should be stricken as insufficient pleading. Paragraph 48 attacks the validity of Sperry's patents but such an attack may not be raised as a defense to a patent infringement action. Berghane v. Radio Corporation of America, D.C., 6 F.R.D. 561.

The motion to vacate the ex parte order and to strike the defense is granted. The motion to strike the counterclaim is granted to the extent hereinabove indicated. Submit order.