**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ILAI KANUTU KOON WAI YOU, | No. 19-73310 |
| Petitioner, | Agency No. A097-735-242 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2020
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and CHEN,** District Judge.

Ilai Koonwaiyou petitions for review of a Board of Immigration Appeals

("BIA") decision affirming the denial of his motion to terminate removal

proceedings. Koonwaiyou contends he is a U.S. national not subject to removal.

We disagree.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

We have jurisdiction to consider Koonwaiyou's nationality claim pursuant to 8 U.S.C. § 1252(b)(5). If the "record presents no genuine issue of material fact about the petitioner's nationality, a reviewing court must decide the nationality claim." *Chau v. INS*, 247 F.3d 1026, 1029 (9th Cir. 2001) (citing 8 U.S.C. § 1252(b)(5)(A)). If, however, a genuine issue of material fact exists, we "must transfer the proceeding to a district court for a *de novo* determination." *Id*. (citing 8 U.S.C. § 1252(b)(5)(B)).

Koonwaiyou was born in Western Samoa (now Samoa) in 1967 to a Western Samoan father and a mother who is now a U.S. national.[1] Because the statutory regime in place at the time required that a child born abroad have *two* U.S. national parents to obtain derivative U.S. nationality at birth, Koonwaiyou did not obtain U.S. nationality at birth. *See* Nationality Act of 1940, Pub. L. No. 76-853, § 204(b), 54 Stat. 1137, 1139.

Nearly two decades after Koonwaiyou's birth, Congress lessened the requirements for obtaining derivative U.S. nationality for children born abroad, such that it was enough to have one U.S. national parent rather than two, so long as

---

[1] The parties dispute whether Koonwaiyou's mother, who obtained U.S. national status decades after Koonwaiyou's birth, should retroactively be considered to have been a U.S. national at the time of Koonwaiyou's birth. Because Koonwaiyou's claim of U.S. nationality fails regardless of whether his mother's U.S. nationality should be backdated for derivative nationality purposes, we decline to resolve this dispute.

the U.S. national parent could satisfy certain physical presence requirements. *See*

Act of Aug. 27, 1986, Pub. L. No. 99-396, § 15(a), 100 Stat. 837 (codified at 8

U.S.C. § 1408(4)). Congress made this change retroactive, but for those like

Koonwaiyou born under the prior regime, it imposed an additional requirement:

> In the case of a person born before the date of the enactment of this Act . . . the status of a national of the United States *shall not be considered to be conferred upon the person until the date the person establishes to the satisfaction of the Secretary of State* that the person meets the [new] requirements . . . of the Immigration and Nationality Act . . . .

*Id.* § 15(b) (emphasis added).

To obtain approval from the Secretary of State to satisfy section 15(b), an

individual must apply for a U.S. passport or Consular Report of Birth Abroad. *See*

8 U.S. Dep't of State, Foreign Affairs Manual § 308.9-5(e). Koonwaiyou

conceded at oral argument that he had never applied for either one. Because he did

not satisfy this statutory requirement, which Congress enacted to apply to

individuals in Koonwaiyou's situation, we hold that Koonwaiyou is not a U.S.

national.

Koonwaiyou's attempts to skirt this provision are unavailing. For example,

although he is correct that section 15(b) of Public Law 99-396 was not codified

alongside the physical presence requirements of section 15(a) and instead was

relegated to an "application note," section 15(b) nonetheless remains a binding

provision of positive law. *See United States v. Welden*, 377 U.S. 95, 98 n.4 (1964)

3

(explaining that, for titles of the U.S. Code which have not been enacted into positive law, "the [U.S.] Code cannot prevail over the Statutes at Large when the two are inconsistent" (quoting *Stephan v. United States*, 319 U.S. 423, 426 (1943)).

Koonwaiyou also attempts to construe section 15(b) as simply providing "a procedural mechanism for obtaining confirmation of U.S. nationality" as opposed to imposing a statutory requirement. But such an interpretation defies the statutory text, in which approval by the Secretary of State is plainly stated as a prerequisite for obtaining U.S. nationality rather than an optional mechanism for clarifying one's status. *See* § 15(b), 100 Stat. at 843 ("[T]he status of a national of the United States *shall not be considered to be conferred upon the person until the date the person establishes to the satisfaction of the Secretary of State* that the person meets the [new] requirements . . . ." (emphasis added)).

Lastly, we disagree with Koonwaiyou's assertion that requiring Secretary of State approval pursuant to section 15(b) would contravene Congress's decision to make removal proceedings the "sole and exclusive procedure" for resolving questions of alienage and removability. 8 U.S.C. § 1229a(a)(3). We see no inconsistency in interpreting section 15(b) as imposing a statutory requirement for obtaining retroactive application of Public Law 99-396 while also recognizing the jurisdiction of immigration courts and federal courts to make removal

determinations.[2] Section 15(b) is a necessary but not sufficient condition for U.S. national status, and federal courts still have a role in reviewing whether all requirements are sufficiently satisfied.[3]

Accordingly, Koonwaiyou's petition is **DENIED**.[4]

---

[2] We therefore disagree with the conclusion of the BIA that it lacked jurisdiction to rule on Koonwaiyou's nationality claim in the absence of approval by the Secretary of State. Because we review nationality claims *de novo*, however, the BIA's error in treating the requirement as jurisdictional rather than substantive does not impact our analysis. *Cf. Theagene v. Gonzales*, 411 F.3d 1107, 1110 (9th Cir. 2005) (holding that, pursuant to the plain language of 8 U.S.C. § 1252(b)(5), a court of appeals "must evaluate a petitioner's claim to United States nationality regardless of whether the claim was raised below").

[3] One could imagine a situation in which the Secretary of State denies a passport application based on a legally erroneous interpretation of Public Law 99-396. Koonwaiyou contended at oral argument that this possibility should cause us to interpret section 15(b) differently, or to read into the statute an avenue for judicial review, for reasons of constitutional avoidance. We need not consider these contentions here, however, because Koonwaiyou never even applied to the Secretary of State.

[4] Koonwaiyou also filed a motion for a stay of removal pending consideration of his petition for review. That motion is denied as moot. A temporary stay of removal remains in effect, however, until issuance of the mandate or further court order.