### UNITED STATES v. BOWMAN DAIRY CO. et al.

### UNITED STATES v. BORDEN CO. et al.
#### Nos. 48 Cr. 361, 362.

United States District Court
N. D. Illinois, E. D.
April 6, 1949.

man Act, 15 U.S.C.A. § 13a next hereinafter set forth: "It shall be unlawful for any person engaged in commerce, in the course of such commerce, to be a party to, or assist in, any transaction of sale, or contract to sell, which discriminates to his knowledge against competitors of the purchaser, in that, any discount, rebate, allowance, or advertising service charge is granted to the purchaser over and above any discount, rebate, allowance, or advertising service charge available at the time of such transaction to said competitors in respect of a sale of goods of like grade, quality, and quantity;"

In No. 48CR361 it is alleged that Bowman Dairy Company by contract agreed to pay The Great Atlantic & Pacific Tea Company a certain lump sum rebate, discount and allowance and a continuing secret percentage rebate, discount and allowance on all its purchases of milk and cream subsequent to May 30, 1942, in consideration of the agreement of The Great Atlantic & Pacific Tea Company to continue to purchase milk and cream from the Bowman Dairy Company, that such rebates, discounts and allowances continued until March, 1948, and were not made available to competitors of The Great Atlantic & Pacific Tea Company.

In No. 48CR362 it is alleged that The Borden Company, by two separate contracts, agreed to pay The Great Atlantic & Pacific Tea Company and the Jewel Tea Company, Inc., respectively, secret percentage rebates, discounts and allowances in consideration of their agreement to continue to purchase milk and cream from The Borden Company, that these contracts were performed by the parties from about July 1, 1942, until March, 1948, and that such rebates, discounts and allowances were not made available to the competitors of The Great Atlantic & Pacific Tea Company or of the Jewel Tea Company, Inc.

The motions of the defendants to dismiss are substantially alike. The grounds of the motion in No. 48CR362 are stated as follows:

"1. Section 3 of the Robinson-Patman Act (15 U.S.C. 13a) is so vague and indefinite that it violates the Fifth and Sixth

Otto Kerner, Jr., United States Attorney, Chicago, Ill., and Melville C. Williams, Special Assistant to the Attorney General Willis L. Hotchkiss, Chicago, Ill., for plaintiff.

Leo F. Tierney and Donald M. Graham, Louis E. Hart and L. Edward Hart, Jr., and Sidley, Austin, Burgess & Harper, all of Chicago, Ill., for defendant.

BARNES, Chief Judge.

These cases are before the court on motions of the defendants to dismiss the indictments.

Both indictments charge violations of that portion of Section 3 of the Robinson-Pat-

Amendments to the Constitution of the United States.

"2. The enforcement of Section 3 of the Robinson-Patman Act (15 U.S.C. 13a) would constitute an unreasonable interference with freedom of contract in that the prohibitions of that section have no reasonable relation to any supposed evil to which such prohibitions may properly have been directed, all in violation of the Fifth Amendment to the Constitution of the United States.

"3. The indictment fails to charge an offense against the United States in that the alleged transactions complained of in the indictment were not in commerce or in the course of commerce as provided by Section 3 of the Robinson-Patman Act (15 U.S.C. 13a).

"4. The indictment is so vague, indefinite and uncertain that it fails to inform the defendants of the nature or cause of the accusation, in violation of the Sixth Amendment to the Constitution of the United States."

After studying the carefully prepared briefs of counsel for the parties and after listening to the oral arguments of counsel and reading the transcripts of such oral arguments, the court has finally concluded that, though it be beset with doubts as to the constitutionality of the statute in question and doubts as to whether or not the transactions complained of occurred "in commerce" or "in the course of commerce", the court should, nevertheless heed the admonition of the Supreme Court of the United States as set forth in such cases as Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 55 S.Ct. 187, 193, 79 L.Ed. 281 to the effect that "It is inexpedient to determine grave constitutional questions upon a demurrer to a complaint, or upon an equivalent motion, if there is a reasonable likelihood that the production of evidence will make the answer to the questions clearer." It may appropriately be added that, in the court's opinion, the rationale of the decision of the United States Court of Appeals for the Seventh Circuit in Standard Oil Company v. Federal Trade Commission, 173 F.2d 210, requires the holding that the transactions complained of in the cases at bar occurred "in commerce" or "in the course of commerce."

The motions to dismiss may be overruled and denied. Appropriate orders may be made on notice.