## H. K. PORTER CO., Inc. v. BREMER.
### No. 27444.

United States District Court
N. D. Ohio, E. D.
Nov. 22, 1950.

Norman A. Emery, and Harrington, Huxley & Smith, all of Youngstown, Ohio, for plaintiff.

Osborne Mitchell, and Mitchell, Mitchell & Reed, all of Youngstown, Ohio, for defendant.

FREED, District Judge.

This is an action for money damages in which it is alleged that defendant sold the assets of a certain corporation to the plaintiff, warranting that the inventories of the corporation were valued at "cost or market, whichever was lower" or at "market" in the case of slow moving or obsolete inventories, and charging that the inventories

were overvalued within the meaning of the purchase agreement.

The defendant moves to strike and to make more definite and certain.

The motion to strike is aimed at paragraph six of the complaint (which alleges that plaintiff had accountants audit the affairs of the corporation subsequent to the purchase), at paragraph ten of the complaint (which charges an overvaluation of inventories), at paragraph eleven (which alleges that some of the overvalued slow moving inventory has been disposed of), and at paragraph thirteen (which purports to reserve to the plaintiff the right to file further claims if investigation warrants).

The motion to strike is predicated on the ground that the matter sought to be excluded is immaterial, evidentiary or conclusory.

■ This Court has repeatedly asserted that motions to strike are not regarded with favor. Generally speaking they should be granted only where the allegations are clearly immaterial to the controversy and are prejudicial to the defendant. Matter which may be described as "evidence" or "conclusions" need not necessarily be stricken so long as it assists in clarifying what is at issue. The motion to strike is in short a method whereby the court can regulate the pleadings to prevent real harm to the movant.

■ Perhaps the complaint here is not as precise as defendant would prefer it to be, nonetheless it certainly does not violate that mandate and the matter which is sought to be stricken is not clearly unrelated to the controversy or prejudicial to the defendant. The motion to strike will in all particulars be overruled.

■ The complaint is not so indefinite that defendant can not frame a responsive pleading and his motion to have the complaint made more definite and certain will be denied. Defendant has at his disposal the provisions of Chapter V of the Federal Rules of Civil Procedure, 28 U.S.C.A., to elicit the information he desires to obtain.