**HERSHEL CALIFORNIA FRUIT PRODUCTS CO., Inc. et al.**

v.

**HUNT FOODS, Inc.**

No. 31833.

United States District Court
N. D. California, S. D.

Jan. 7, 1954.

Philip S. Ehrlich, Julian R. Bauer, San Francisco, Cal., for plaintiff.

Cushing, Cullinan, Duniway & Gorrill, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Plaintiffs in this action are six corporations, eight individuals who are partners doing business under a fictitious name, and a trust. The only defendant is a corporation. All of the plaintiffs and the defendant are engaged in the business of canning and selling tomato paste.

The complaint alleges violations of the anti-trust laws of the United States by the defendant and alleges that such violations have injured plaintiffs in their respective businesses. The prayer is for injunctive relief and treble damages.

At a prior stage of this action, the court denied plaintiffs a preliminary injunction. See opinion of Judge Harris, Hershel California Fruit Products Co. v. Hunt Foods, D.C., 111 F.Supp. 732. Now, defendant has moved to dismiss the complaint, and, in the alternative, to dismiss it as to plaintiff Aron Hershel Trust and to strike the entire complaint or certain designated portions therefrom.

The allegations of the complaint state two separate theories of defendant's liability. One theory is that defendant is monopolizing and attempting to monopolize interstate trade and commerce in tomato paste, in violation of Section 2 of the Sherman Act, 15 U.S.C.A. § 2. The other theory is that defendant is

selling tomato paste in interstate commerce at unreasonably low prices for the purpose of destroying competition and of eliminating competitors, including plaintiffs, all in violation of Section 3 of the Robinson-Patman Act, 15 U.S.C.A. § 13a.

The motion to dismiss is based upon the grounds that:

(1) The complaint fails to state a claim upon which relief can be granted; and,

(2) It is clear from the face of the complaint that plaintiff "Aron Hershel Trust" has no legal capacity to sue.

Plaintiffs have incorporated two statements of their claim for relief into one count in the complaint. Such pleading is permitted by Rule 8(e)(2), F.R. C.P., 28 U.S.C.A.

With reference to the alleged violation of Section 3 of the Robinson-Patman Act, the complaint recites that during 1951 and 1952, defendant progressively lowered the price at which it offered tomato paste for sale. The price in January, 1952 was $6.75 per case of 6-ounce cans. In June, 1952 the price per case of 6-ounce cans was lowered to $6. Both of these prices are alleged to have been unreasonably low because: (1) such prices were not justified by the condition of the market or by any other lawful objective of defendant; and, (2) defendant could have sold its paste for higher prices. It is also alleged that the $6 price was unreasonably low in that it was not less than $1 below the cost of production of such paste by either defendant (including advertising in its cost) or plaintiffs (excluding advertising from their respective costs). The complaint alleges that defendant continues to sell at the price of $6 per case, and that such price is still unreasonably low for the same reasons.

The complaint further alleges that the defendant sold, and continues to sell and offer to sell, its paste at the aforesaid prices for the purpose of destroying competition and of eliminating its competitors, including plaintiffs. It is said

in the complaint that approximately 95% of the tomato paste produced in the United States is canned and packed in California, and thereafter sold and shipped to other points throughout the United States, in interstate commerce. The defendant is alleged to have sold, and to now sell and offer to sell, its paste at the aforesaid prices in all of the forty-eight States.

With respect to the alleged violation of Section 2 of the Sherman Act, the complaint charges that the defendant alone has monopolized and attempted to monopolize interstate commerce and trade in tomato paste. Defendant is not charged with conspiring or combining with others to monopolize.

It is alleged that defendant is the fourth largest canner and packer of fruits and vegetables in the United States, that defendant's business is large as compared to the individual businesses of the respective plaintiffs, and that during the period from 1943 to 1948 defendant experienced substantial growth through acquisition or absorption of other concerns. In the field of the production of tomato paste, which is the only product as to which a monopoly or attempted monopoly is charged, the defendant is alleged to have produced 7% to 8% of the total pack for the year 1951. It is further alleged that prior to 1951 the defendant packed an inconsequential amount of tomato paste and was an unimportant factor in that branch of the canning industry.

The conduct alleged to have been utilized by defendant in monopolizing and attempting to monopolize is as follows: (1) price cutting; (2) extensive nationwide advertising of its products; (3) offering to buyers of tomato paste more favorable credit terms than any other seller of such product; (4) offering to buyers of tomato paste substantial payments for advertising its products; (5) offering to sell tomato paste at prices lower than those which might be offered by any competitor.

The complaint further alleges specific items of damage to the respective plain-

tiffs, and alleges that such damages were directly and proximately caused by defendant's violations of the Robinson-Patman Act and of the Sherman Act.

Defendant contends that Section 3 of the Robinson-Patman Act, prohibiting sales at "unreasonably low prices", is unconstitutional because its language is so vague and uncertain that it contravenes the Fifth and Sixth Amendments. Defendant further contends that Section 3 of the Robinson-Patman Act is not one of the "anti-trust laws of the United States" and hence neither an action for an injunction nor for treble damages may be maintained by a private party as a result of its violation.

■ Whether or not the language of the Robinson-Patman Act is so vague and uncertain as to violate the Fifth and Sixth Amendments to the Constitution is a question which should not be determined on a motion to dismiss. United States v. Bowman, D.C.N.D.Ill., 89 F. Supp. 112, 114. See also Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 55 S.Ct. 187, 79 L.Ed. 281.

Defendant further contends that there is no statutory authority for a private party to bring an action for an injunction or treble damages, based upon a violation of Section 3 of the Robinson-Patman Act. Section 4 of the Clayton Act, 38 Stat. 731, 15 U.S.C.A. § 15, authorizes a private party to bring an action for treble damages sustained as the result of a violation of the "anti-trust laws." Section 16 of the Clayton Act, 38 Stat. 737, 15 U.S.C.A. § 26, creates in private parties a right to injunctive relief against threatened loss or damage caused by a violation of the "anti-trust laws, including sections two, three, seven and eight of this Act". Section 1 of the Clayton Act, 38 Stat. 730, 15 U.S. C.A. § 12, defines " 'antitrust laws,' as used herein," as including certain named Acts of Congress. The Robinson-Patman Act is not one of the Acts included within the provisions of Section 1 of the Clayton Act.

Defendant also argues that the Clayton Act cannot be construed to refer to the Robinson-Patman Act because: (1) the former was enacted in 1914, whereas the latter was not adopted until 1936; (2) Section 3 of the Robinson-Patman Act was not an amendment to the Clayton Act or to any of the "anti-trust laws", but was an independent enactment; (3) the fact that the draftsmen of the United States Code have included in Section 12 of Title 15 thereof, Section 1 of Clayton Act, a reference to Section 3 of the Robinson-Patman Act is entitled to no weight because where there is a difference between the statute as enacted by Congress and the Code, the statute controls.

■ The question of whether or not a private party may maintain an action for damages or an injunction as a result of a violation of Section 3 of the Robinson-Patman Act has been considered by several courts. Holding that that statute is one of the "anti-trust laws of the United States" and that an action thereunder is maintainable by a private party are: Atlantic Brick Co. v. O'Neal, D.C. E.D.Tex., 44 F.Supp. 39; Spencer v. Sun Oil Co., D.C.Conn., 94 F.Supp. 408; Balian Ice Cream Co., Inc., v. Arden Farms Co., D.C.S.D.Cal., 94 F.Supp. 796; Myers v. Shell Oil Co., D.C.S.D.Cal., 96 F.Supp. 670. See also the dictum in Bruce's Juices, Inc., v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L. Ed. 1219. To the contrary is National Used Car Market Report v. National Auto. D. Ass'n, D.C.D.C., 108 F.Supp. 692, 694–695; Affirmed on this point 91 U.S.App.D.C. 313, 200 F.2d 359. As pointed out in the latter case there are many legal publications and law review articles expressing the opinion that a private party may not maintain such an action. See 50 Harv.L.R. 121; 85 U. of Pa.L.R. 306, 312; 22 Wash.U.L.Q. 153, 182; 22 A.B.A.J. 593, 649.

While the court has grave doubts as to the correctness of the view that the Robinson-Patman Act is one of the "anti-trust laws" and that Section 3 of that Act is included within the provisions of Sections 4 and 16 of the Clayton Act giving a private party the right to

maintain an action for an alleged violation of the statute, this view represents the weight of authority of the United States District Courts which have passed upon the question. The same arguments advanced here by defendant were ruled on adversely in those cases. Any change in the rule announced by those Courts is for the Court of Appeals, not this Court.

■ The allegations of the complaint are sufficient to charge a violation of Section 3 of the Robinson-Patman Act, The complaint also alleges damage to plaintiffs resulting from such violations and the threat to plaintiffs of irreparable injury if such violations continue. This is sufficient to state a cause for the granting of relief to plaintiffs.

■ Since the plaintiffs adequately state cause for the granting of relief under the theory that they have been damaged by defendant's violation of the Robinson-Patman Act, it is unnecessary to decide whether or not the complaint adequately alleges cause for relief because of defendant's violation of the Sherman Act. A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of the facts which could be proved in support of his claim. Turner v. United States Gypsum Co., D.C.N.D.Ohio, 11 F.R.D. 545; Moore's Fed. Practice, 2d Ed., Section 8.13, P. 1653.

■■ A complaint in an anti-trust suit requires a statement of matters and their relation to each other considerably more extensive than that required in the ordinary case. Bader v. Zurich General Accident & Liability Ins. Co., Ltd., D.C S.D.N.Y., 12 F.R.D. 437. A motion to strike will not be granted if the allegations, even though immaterial, can do no harm to the moving party by their presence in the pleading, and the point can better be determined in connection with a decision on the merits. First Trust & Savings Bank of Zanesville, Ohio v. Fidelity-Philadelphia Trust Co., D.C.E.D. Pa., 12 F.R.D. 195; H. K. Porter Co., Inc. v. Bremer, D.C.N.D.Ohio, 11 F.R.D. 89. However, plaintiffs' through their counsel, have agreed that certain specified portions of the complaint may be stricken. Therefore, those particular portions should be stricken.

■ One of the parties plaintiff named in the complaint is the Aron Hershel Trust. The complaint names the Trust itself as plaintiff and not the trustee. Under both the Federal Rules of Civil Procedure and the law of California, the trustee, rather than the trust itself, is the proper party to a legal action. Rule 17(a), F.R.C.P.; Thorpe v. Story, 10 Cal.2d 104, 114, 73 P.2d 1194; Calif. Code Civil Procedure, §§ 367, 369 The issue of capacity to sue may be raised by motion to dismiss where the defect appears on the face of the complaint. Coburn v. Coleman, D.C.W.D. S.C., 75 F.Supp. 107; Brush v. Harkins, D.C.W.D.Mo., 9 F.R.D. 604. The complaint should be dismissed as to plaintiff Aron Hershel Trust with leave to amend.

Accordingly,

(1) Defendant's motion to dismiss on the ground that the complaint fails to state a claim for which relief can be granted is denied;

(2) The action is dismissed as to plaintiff, Aron Hershel Trust;

(3) Those portions of the complaint specified in plaintiffs' letter of August 19, 1953 are stricken; and

(4) Plaintiffs shall have 20 days from the date hereof to amend the complaint to join as a party or parties the real party or parties in interest in the place of Aron Hershel Trust.

Counsel for plaintiffs are directed to prepare and present an order in accordance herewith.