HERSHEL CALIFORNIA FRUIT PROD-UCTS CO., Inc., a corporation, et al., Plaintiffs,

v.

HUNT FOODS, Inc., a corporation, Defendant.

No. 31833.

United States District Court, N. D. California, S. D.

Dec. 29, 1954.

8. 5 Wigmore on Evidence, 3d ed., § 1388.

Bronson, Bronson & McKinnon, Philip S. Ehrlich, Julien R. Bauer, San Francisco, Cal., for plaintiffs.

Cushing, Cullinan & Duniway & Gorrill, San Francisco, Cal., for defendant.

MURPHY, District Judge.

Defendant moves to dimiss the supplemental complaint on the grounds that it fails to state a claim for relief in that (1) Section 3 of the Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13a, on which portions of the supplemental complaint are based is unconstitutional because it is too vague and uncertain; and (2) that Section 3 of the Robinson-Patman Act is not one of the anti-trust laws of the United States as defined by the Clayton Act, 15 U.S.C.A. § 12 et seq., authorizing a civil action. Defendant also moves to strike the whole supplemental complaint on the ground that it does not comply with Rule 8(a), Fed.Rules Civ.Proc. 28 U.S.C.A., and in the alternative to strike certain designated portions of the complaint on various grounds which in sum encompass substantially all the complaint.

I.  Vagueness and Uncertainty

This is a question which can more properly be determined in relation to the facts presented at the trial and should not be determined on a motion to dismiss. Hershel California Fruit Prod. Co. v. Hunt Foods Co., Inc., D.C.N.D.Cal.1954, 119 F.Supp. 603; United States v. Bowman Dairy Co., D.C.N.D.Ill.1949, 89 F. Supp. 112.

II.  Section 3 of the Robinson-Patman Act as one of the "Anti-Trust Laws of the United States"

While I share Judge Carter's grave doubts that Section 3 is one of the

Anti-Trust Laws of the United States, I believe that since this has been decided by Judge Carter in ruling on the original complaint the same ruling should apply where we are dealing with the supplemental complaint. Right or wrong, this will involve one trial in which the whole factual controversy can be determined.

### III. Motion to Strike

■ This motion is directed toward a supplemental complaint of some 17 pages and approximately 6,500 words. It is supplemental to a complaint of some 41 pages. The problem of the proper contents of a private anti-trust complaint is not new, and is approached from as many viewpoints as there are judges. As for me, I am impressed with the admonition contained in a report adopted by the Judicial Conference of the United States:

> "It is not practical to proceed in these cases as in a lawsuit of ordinary complexity and bulk; that is, to let the parties exhaust the cross fire of pleading, to conduct open-court pre-trial hearings, or to let counsel try the case as they please. The potential range of issues, evidence and argument is so great, and the necessities of adversary representation so compelling, that the activities of counsel will result in records of fantastic size and complexity unless the trial judge exercises rigid control from the time the complaint is filed". [Procedure in Anti-Trust and Other Protracted Cases, September 26, 1951, p. 7]

and in the report of the Committee on Practice & Procedure in the Trial of Anti-Trust Cases, Section of Anti-Trust Law, American Bar Association:

> "The typical anti-trust complaint has never been reformed to meet the requirements of the rules of civil procedure. It frequently contains long evidentiary recitals not duplicated elsewhere in modern practice. Such complaints play a large part in extending anti-trust trials beyond reasonable limits. Courts are reluctant to rule out evidence which pertains directly to controverted allegations in the complaint. And when the evidence gets in, no competent defense attorney is willing to let it stand without explaining, amplifying, or controverting it." [Report, pp. 27–28]

But my most striking impression is gained from the travail and frustration involved in analyzing not only this complaint but others of the same ilk when faced with the necessity of ruling on the almost interminable procedural motions which stem from these cases.

Since herein I preach brevity, I shall be brief. This complaint is just not the short, plain statement of the claim showing that pleader is entitled to relief required by Rule 8(a). Neither is each averment simple, concise and direct as required by Rule 8(e) (1). The complaint is not one which contains some isolated allegations that can be readily stricken without substantial effect on the rest of the pleading.

It may be that some of the allegations, even though immaterial, will not harm the moving party by their presence, but if the trial of the case is to be kept within reasonable bounds the culling must begin now. The supplemental complaint will be stricken with leave to file an amended complaint within thirty days. I will entertain a motion for extension of time if this is needed.

The complaint can be corrected. Judge Carter distilled the essence of the 41 page original complaint, omitting allegations as to damages, into roughly 3 pages. I will present my general views on the defects of this complaint with the hope that it will be some guide.

The complaint contains much evidentiary matter. Indeed, the plaintiff justifies the inclusion of certain long allegations by stating that from these allegations it can be inferred that an ultimate fact is true. And in justifying another

section states that it "sets forth ultimate facts establishing that the prices at which the defendant sold tomato paste are unreasonably low". Let the ultimate facts be alleged and have done with it.

The complaint sets forth two separate claims for relief in unsegregated paragraphs and in a single count. Although this is generally allowed by Rule 8(e) (2), I am quite well convinced that setting the claims forth in separate counts will greatly facilitate the clear presentation of the matters set forth. Rule 10(b). The claims are factually related —in that selling at unreasonably low prices is also contended to be a means by which monopoly power was acquired as are the methods by which the selling price was made actually lower than the published price. But this can be said in a few direct words incorporating by reference if necessary.

The complaint charges monopolization and attempt to monopolize interstate commerce on tomato paste. The complaint sets forth many allegations relating to the defendant's activities with regard to other products and the total tomato pack. If this is relevant to show that the defendant can and does put greater economic pressure on less diversified competitors as a means of acquiring monopoly power—say so—and in a few words.

While it is necessary to allege facts from which it can be determined that defendant's conduct resulted in public injury, it is not necessary to state a claim for relief for those other members of the public who are not plaintiffs here.

In short, the complaint can be better organized, the claims succinctly stated, and evidentiary matter eliminated. This is not a case in which tyro lawyers are setting forth a claim with trepidation— where substantial justice to the litigants requires shading the mark. The complaint can be and will be put in a form where it will facilitate further pre-trial procedure and provide a working guide for the trial judge.

It is hereby ordered that the supplemental complaint be and hereby is stricken in its entirety with leave to file an amended supplemental complaint with thirty days.