NORTHERN ACCEPTANCE TRUST 1065 by Roger Jon Diamond, Co-Trustee, and C. Jon Handy, Co-Trustee, and Dericksen M. Brinkerhoff, Plaintiffs,

v.

AMFAC, INC., et al., Defendants.

Civ. No. 70–3107.

United States District Court,
D. Hawaii.

Jan. 26, 1971.

———◆———

O'Melveny & Myers, Los Angeles, Cal., for defendant Dean Witter & Co., Inc.

C. Frederick Schutte, Douglas E. Prior, Thomas P. Huber, Honolulu, Hawaii; Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, of counsel; Lawrence T. Lydick, Bruce A. Beckman, David M. Bosko, Kevin J. Quinn, Los Angeles, Cal., Adams, Duque & Hazeltine, Los Angeles, Cal., of counsel; for defendant H. Leslie Hoffman and certain defendants.

Jack T. Fudge for Aeimco.

Dilworth, Paxson, Kalish, Kohn & Levy, Bruce W. Kauffman, David Pittinsky, Alexander Kahan, New York City, Kenneth P. Kimmel, Santa Monica, Cal., for plaintiffs.

## ORDER DETERMINING ACTION TO BE MAINTAINABLE AS A CLASS ACTION AND A DERIVATIVE ACTION

TAVARES, District Judge.

The Complaint in this action alleges violation of Sections 10(b) and 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j and 78n, Rules 10b–5 and 14a–9, 17 C.F.R. § 240.10b–5 and § 240.-14a–9 promulgated thereunder, and § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q; also common law fraud and breach of fiduciary duties. In essence the Complaint is that, by a common course of conduct and a joint proxy statement dated September 23, 1968, containing untrue statements of material fact and omitting to state material facts, the defendants conspired to acquire for AMFAC sole ownership and control of three plantation corporations, sometimes hereinafter referred to as companies or plantation companies, and their assets, on a basis unfair, inequitable and detrimental to the three minority shareholder classes and derivatively to the companies.

The Complaint in this case purports to assert three derivative claims on behalf of three plantation companies—the former Lihue Plantation Company, Ltd. (Lihue), the former Puna Sugar Company, Ltd. (Puna) and the former Kekaha Sugar Company, Ltd. (Kekaha)—and three representative or class action claims on behalf of the shareholders of each of such companies arising out of the respective mergers of the three plantation companies into AMFAC, Inc. (AMFAC).

Plaintiff Northern Acceptance Trust 1065 was a shareholder of each of the three plantation companies and purports to bring derivative actions on behalf of all three companies and also to represent, as shareholder classes, the shareholders of the three companies. Plaintiff Brinkerhoff was a shareholder of Lihue only, but he also has joined as a party plaintiff in behalf of himself and the three minority shareholder classes and derivatively in behalf of the three companies.

On October 5, 1970, the plaintiffs announced to the Court and defendants, in open court, their intention to seek a determination by the Court regarding the maintenance of their action as a class action and as a derivative action. The parties entered into a stipulation setting forth precise dates for briefing and agreed to a schedule for limited discovery.

A tabulation of documents and events subsequent to October 5, 1970, is presented to facilitate continuity:

11/13/70—Plaintiffs' Brief in Support of Class and Derivative Actions.

12/17/70—AMFAC Brief to Strike Class and Derivative Actions.

12/17/70—Notice of Motions and Motions addressed to: Standing to Sue of (1) Northern Acceptance Trust 1065 and (2) Diamond, as allegedly not a qualified co-trustee; and (3) Dismissal as to Brinkerhoff for failure to verify Complaint; Motions to be made on January 8, 1971.

12/28/70—Plaintiffs' Brief in Response to Defendants' Brief of 12/17/70.

12/30/70—Notice of Motions by certain defendants to be made on January 5, 1971, to Stay Summary Judgment Motion of Plaintiffs pending Class Action hearing on January 8, 1971.

1/8/71—Reporter's partial transcript of Sentence proceedings before U. S. District Court for Central District of California pertinent to C. Jon Handy.

Affidavits of 15 of 18 parties plaintiff to appraisal suit pending in State Court of Hawaii.

1/8/71—AMFAC Brief in Reply to Plaintiffs' Response Brief of 12/17/70.

1/18/71—Plaintiffs' Brief in Response to Defendants' Reply.

At the outset of the January 8, 1971 hearing, the Court determined not to hear any argument regarding any Motion for Summary Judgment, so as to prevent any undue confusion in the record.

In order to approach the problems in what the Court believes to be an orderly manner, Defendants' Motions filed on 12/17/70 will first be considered. The Court has carefully studied the facts, arguments and authorities which the defendants have presented, in a strenuous effort to show that C. Jon Handy, Roger Jon Diamond and Dericksen M. Brinkerhoff are not proper parties plaintiff, or should be excluded as parties plaintiff. The Court tentatively holds that this action will not be dismissed as to them or any of them for reasons stated hereinafter.

The Court is fully cognizant that Northern Acceptance Trust 1065 has no standing or capacity to sue or be sued as a legal entity and likewise cannot do for others what it cannot do for itself. Rule 17(a) F.R.Civ.P.; Thorpe v. Story, 10 Cal.2d 104, 114, 73 P.2d 1194; California Code of Civil Procedure 367, 369 and see Hershel California Fruit Products Co. v. Hunt Foods, 119 F.Supp. 603, 607 (N.D.Cal., 1954); Yonce v. Miners Memorial Hospital Ass'n., 161 F.Supp. 178 (W.D.Va., 1958); Bogert, Trusts and Trustees, Sec. 594 (2d Ed. 1960); Restatement 2d, Trusts, Sec. 280 (1959).

We have here in simple terms, a trust which did own shares in all three of the companies which were later merged into AMFAC. To be sure, it is the beneficiaries of the Trust who are beneficially and ultimately most concerned, yet their interests must be represented by a Trustee, or by Trustees. Through a proper trustee or trustees the Trust or its beneficiaries appear, under the allegations of the Complaint, to have a right to maintain this action as a class and derivative action. In the language of Sun-Maid Raisin Growers of Calif. v. California Packing Corp. (9 Cir. 1959) 273 F.2d 282, 284, "* * * those rights remain somewhere," either in a present party trustee or trustees, or in some other trustee or trustees who will succeed to the office or offices when properly constituted (if the present ones are ultimately held to be improperly con-

stituted). See, also, authorities cited in Plaintiffs' Memoranda, including Perma Life Mufflers, Inc. v. International Parts Corp., 392 U.S. 134, 88 S.Ct. 1981, 20 L.Ed.2d 982 (1968); Pearlstein v. Scudder & German (2 Cir. 1970) 429 F. 2d 1136; Can-Am Petroleum Co. v. Beck (10 Cir. 1964) 331 F.2d 371.

At this juncture, this Court is not too much concerned with the qualifications or disqualifications of a named trustee because the State of California, under whose laws this particular trust exists, has made adequate provision by its laws for the administration of such trusts, and some trustee of the trust has or will have the right to prosecute this action.

Defendants have cited the California Civil Code, Section 2289 as authority for the proposition that—absent an express power in the instrument to appoint a co-trustee, the power of appointment is left to an appropriate court, e.g., the Superior Court of the county where the trust property, or some portion thereof, is situated. Without seeking specific reference, the Court is confident that California has adequate provision for the appointment and removal of trustees, and at this juncture of this case, this Court defers to the California jurisdiction to provide or establish a trustee or co-trustees who may satisfactorily function as plaintiff or plaintiffs in behalf of the trust in this action. The Court can and will at any seasonable time permit such amendments to the pleadings as may be necessary or desirable to accomplish such purpose. Thus the Court does not feel obliged at this stage to rule upon defendants' standing to raise the issue.

Defendants have claimed, page 22 AMFAC Memorandum of December 17, 1970, that Handy's purported appointment of plaintiff Diamond is invalid because of the provisions of the trust instrument. When this Court authorized joining Diamond as a party plaintiff on ex parte motion, the joinder was permitted subject to objection. Although objection has been made, again the Court does not feel obliged to rule upon the validity of Diamond's designation as a co-trustee, but will also defer to the appropriate Superior Court of California to provide or establish a suitable co-trustee, if one is called for.

By this Order, the Court expressly reserves jurisdiction to recognize duly appointed, qualified and acting representatives of the trust and will allow what the Court deems to be a reasonable time within which to meet the objections which have been interposed herein, if they are valid. The Court does not believe that whatever beneficial interests may flow through the Trust should be thwarted merely because of technical obstructions which may impede the performance of particular individuals in behalf of the Trust, but do not disprove the beneficial interest of the Trust or its beneficiaries in maintaining this litigation.

The Court is saying that plaintiffs have been confronted with defendants' objections and may now take such steps as they may deem necessary or desirable to conclusively establish the standing of a particular person or particular persons as a trustee or trustees. Failure to do so seasonably may require future consideration by the Court in keeping with the foregoing reservations. Dismissal at this stage with leave to amend, if the present trustees are improperly constituted, seems to the Court a technicality of a purely obstructive nature and one which could cause undue delay.

Finally, this Court holds that, even if trustees Handy and Diamond should be held in some way to be improper parties or disqualified to represent the classes, Plaintiff Brinkerhoff under the peculiar circumstances of this case is qualified in every respect to represent the classes and therefore, whether or not Trustees Handy and Diamond are qualified or disqualified can not and does not prevent this action from being maintained as a class action.

The fifteen affidavits submitted on the morning of the hearing herein are not considered by the Court as containing anything of persuasive evidentiary value. At most they simply say to the Court that none of the affiants have entered into any arrangements for representation, which is immaterial to the present issues. There is respectable authority for, plaintiffs' contention that defendants violated both the spirit and letter of Rule 23 F.R.Civ.P. in this connection. Kahan v. Rosenstiel, 424 F. 2d 161, 169 (3 Cir. 1970), certiorari denied June 8, 1970, Glen Alden Corp. v. Kahan, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290. The Court does not believe it necessary to specifically determine this point in view of the result above reached, however, and it is assumed that henceforth all parties and their counsel, in the light of the Court's ruling, will comply in the future with the letter and spirit of Rule 23.

Turning to what the Court considers to be the critical problem presented for determination, the Court finds that plaintiffs have made a sufficient showing to justify the Court in holding that this action may be maintained as a class action under Rule 23 and as a derivative action under Rule 23.1, Federal Rules of Civil Procedure. The Court does so hold.

The Court has given very careful consideration to the exhaustive arguments and discussions of authorities contained in the briefs submitted by the parties. Without reiterating or discussing each contention expounded by the respective parties, the Court is impressed with the General Principles Governing Class Action Treatment as expressed and set forth at pages 19–23 of Plaintiffs' Opening Brief (November 13, 1970).

The showing made has been sufficient to convince the Court that Plaintiffs' Complaint satisfies all the requirements of Rule 23(a) Federal Rules of Civil Procedure.

Rule 23(a) establishes the following prerequisites for the maintenance of all class actions:

"\* \* \* (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

As to clause (1) above, the Court finds that the number of minority shareholders of each of the three merged companies is sufficient to establish that joinder of all such shareholders of any of them is impracticable under the circumstances of this case. Swanson v. American Consumer Industries, Inc., 415 F.2d 1326 (7 Cir. 1969); Mader v. Armel, 402 F.2d 158 (6 Cir. 1968); Esplin v. Hirschi, 402 F.2d 94 (10 Cir. 1968), certiorari denied, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459; Hohmann v. Packard Instrument Co., Inc., 399 F.2d 711 (7 Cir. 1968); Fidelis Corp. v. Litton Industries, Inc., 293 F.Supp. 164 (S. D.N.Y., 1968); Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F. R.D. 452 (E.D. Pa. 1968); Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9 Cir. 1964).

Considering clause (2) above, the Court finds that there are numerous questions of law and fact common to the minority shareholders of the three merged companies. The proxy complained of appears to have been one common proxy which was submitted to the minority shareholders of each of the three merged companies. The cases seem to support the position that common questions of law and fact exist where a course of conduct common to all class members constitutes the gravamen of the complaint, Kahan v. Rosenstiel, 424 F.2d 161 (3 Cir. 1970), certiorari denied Glen Alden Corp. v. Kahan, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290

(1970); *Swanson*, supra, 415 F.2d at 1333; Green v. Wolf Corp., 406 F.2d 291 (2 Cir. 1968), cert. den. 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); *Mader*, supra, 402 F.2d at 161; *Esplin*, supra, 402 F.2d at 99–100; *Hohmann*, supra, 399 F.2d at 715; *Harris*, supra, 329 F.2d at 913.

Referring to clause (3) of Rule 23(a) supra, it is considered that, the Trust having been a minority shareholder in each of the three companies merged into AMFAC, a proper Trustee of the Trust represents claims which are typical of the claims held by a minority shareholder of any one of the three. The Court believes that the claim of deception in violation of the 1934 Act satisfies this particular portion of the Rule. The Court is mindful that Handy in his individual capacity as a shareholder in AMFAC could conceivably be considered to have personal interests which would not be wholly compatible with the interests held by him in his representative capacity as Trustee. The Court hopes that what has been said above will prompt other arrangements, but even if such action is not carried out, the Court is of the firm conviction that the functions of competent counsel and the control which will be maintained by the Court are sufficient to prevent any semblance of conflict from working any material disadvantage to class rights, if such are established by the proof. No such problems exist as to Plaintiff Brinkerhoff. Granted that he was a minority shareholder in but one of the merging companies, the Court does not believe him unqualified to represent minority shareholders of the other two companies, in view of the allegation that all deception claimed arose from a common course of conduct and scheme among defendants and from one and the same proxy statement submitted to all three companies. Professor Moore seems to believe that requirement (3) duplicates other provisions. 3B Moore, Federal Practice, paragraph 23.06.2 at p. 23–325. The conflict over which the cases have been primarily concerned is between the representative party and the class "over the very issue in litigation." Mersay v. First Republic Corp., 43 F.R.D. 465, 468 (S.D.N.Y. 1968); Berland v. Mack, 48 F.R.D. 121, 127 (S.D.N.Y. 1969); Weiss v. Tenney Corp., 47 F.R.D. 283, 290 (S.D. N.Y. 1969). Other citations in the briefs lend further support to the consideration that the central question common to all of the minority shareholders is that of deception which outweighs other minor variations respecting individual positions. The Second Circuit aptly pointed out in *Green*, supra, 406 F.2d at 300:

"The very purpose to be served by a class action is the opportunity it affords to prevent a multiplicity of suits based on a wrong common to all. * * * *"

Turning now to clause (4) above, some of the Court's preceding remarks are applicable here and will not be repeated. The Court has given detailed consideration to the contentions advanced regarding this particular aspect of defendant's objections. Suffice it to say that the Court is eminently satisfied that plaintiffs' attorneys are qualified, experienced and fully able and properly motivated to conduct the proposed litigation in accordance with Judge Medina's interpretation of this section, Eisen v. Carlisle and Jacquelin, 391 F.2d 555, at 562. Other objections posed by the defendants have not convinced the Court of non-compliance with this section in any regard, and the Court considers that all such objections have been adequately and convincingly put to rest by the answers, reasoning and authorities set forth in Plaintiffs' Supplemental Memorandum filed herein on January 18, 1971, together with the other memoranda filed by plaintiffs on the subject of class and derivative actions and other incidental points raised.

The Court's action, based upon the foregoing reasoning, is summarized thus:

1. The matters in question having been fully briefed and argued pursuant to Stipulation filed herein October 14, 1970, and additional memoranda having been filed, and the Court having duly considered the record, briefs and arguments, and the plaintiffs having, on December 28, 1970, filed herein their Motion for a Determination that this Action May be Maintained as a Class Action under Rule 23, and as a Derivative Action under Rule 23.1:

(a) The Court finds, determines and orders, pursuant to Rule 23(c), Federal Rules of Civil Procedure, that this action is properly maintainable and shall be maintained, as a class action by the plaintiffs in behalf of the three classes of minority stockholders of the former Lihue, the former Puna, and the former Kekaha;

(b) The Court finds, determines and orders, pursuant to Rule 23.1, Federal Rules of Civil Procedure, that this action is properly maintainable, and shall be maintained as a derivative action by the Plaintiff Brinkerhoff in behalf of former Lihue, and by the remaining plaintiffs in behalf of former Lihue, former Puna and former Kekaha;

(c) The said motion of plaintiffs is therefore granted.

2. The Motion of defendants filed herein December 17, 1970, based on Rules 12(b)(6), 23 and 23.1, Federal Rules of Civil Procedure, for an order dismissing the complaint except to the extent that it asserts claims by and on behalf of Dericksen M. Brinkeroff, is denied.

3. The motion of defendants filed herein December 17, 1970, to reconsider and vacate the order of this court entered October 5, 1970, to strike Roger Jon Diamond from the Complaint is denied.

4. The motion of defendants filed herein December 17, 1970, to dismiss any and all derivative claims asserted by Plaintiff Dericksen M. Brinkerhoff, on the grounds that said plaintiff has failed to verify the Complaint as required by Rule 23.1, Federal Rules of Civil Procedure, is *denied* for the reason that, if such failure originally was ground for granting such motion, it has been cured by subsequent verification by said Plaintiff Brinkerhoff.