Carmen **BENITEZ–BITHORN** and
Carmen Blanca Benitez–Soto,
Plaintiffs,

v.

Pedro **ROSSELLO–GONZALEZ**,
et als., Defendants.

**CIVIL NO. 01–2053 (DRD).**

United States District Court,
D. Puerto Rico.

March 28, 2002.

Edelmiro Salas-Garcia, San Juan, PR, for Plaintiffs.

Salvador J. Antonetti-Stutts, Department of Justice of PR, Federal Litigation Division, San Juan, PR, for Pedro J. Rossello-Gonzalez, Angel Morey, defendants.

Ramon E. Dapena, Goldman Antonetti & Cordova, San Juan, PR, for Bank of Nova Scotia, defendant.

Salvador Antonetti-Zequeira, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for

Fideicomiso de Conservacions de Puerto Rico, defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Before the Court is Defendants' Carmen A. Benitez Bithorn's ("Benitez"), Motion to Dismiss and/or Remand (Docket No. 6). Magistrate Judge Aida Delgado issued a Report and Recommendation ("R & R") on March 18, 2002. (Docket No. 24). On March 25, 2002, Benitez filed her objections to the R & R. (Docket No. 25). For the reasons stated below, the Court accepts and adopts *in toto* the Magistrate's R & R. Therefore, the Court hereby **DENIES** Benitez' Motion to Dismiss and/or Remand (Docket No. 6).

## I

A District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED. R.CIV.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Of course, as a general rule, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. *See* Local Rule 510.2(A); FED.R.CIV.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate.

 On the other hand, failure to raise objections to the R & R "waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992). *See also Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). *See generally United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980). However, because Benitez has filed objections to the R & R, the Court undertakes *de novo* review of the conclusions found in the R & R.

## II

Benitez filed an action in the Court of First Instance of Puerto Rico (Fajardo), in 2000, claiming, essentially, that she—together with her family—held legal title over certain properties in Vieques, which were legally transferred, pursuant to a law, by the United States Government (Navy) to the Municipality of Vieques and the Government of Puerto Rico. She claims that the properties were originally acquired by the U.S. Government for military purposes during the Second World

War, pursuant to its eminent domain powers. However, due to recent events in Vieques, the U.S. Government determined that title over said properties, which are located in the western end of Vieques, was to be transferred to the Municipality of Vieques and the Government of Puerto Rico. The Conservation Trust of Puerto Rico (in Spanish, "Fideicomiso de Conservación de Puerto Rico")(hereinafter, "FCPR") was designated receiver of said properties by Puerto Rico's Government. And although Benitez designated several high-ranking governmental officials of Puerto Rico as defendants, the Government of Puerto Rico and Vieques, it was not until it later amended its original complaint, in May 7, 2001, that Benitez designated Mr. Javier Blanco, the manager or trustee of the FCPR, as a defendant. Having amended the complaint, Summons was served upon Mr. Blanco, "as Managing Director" of the CTPR, on July 20, 2001.

Nearly a month later, on August 7, 2001, the FCPR filed a Notice of Removal to this Court, pursuant to 28 U.S.C. § 1442 (a "special removal statute") and pursuant to this Court's federal question jurisdiction, 28 U.S.C. § 1331. (Docket No. 1). On August 14, 2001, the FCPR filed a motion requesting an extension of time to plead. (Docket No. 3). However, on August 23, 2001, Benitez filed her motion to dismiss

and/or remand, which the Court now considers *de novo*. (Docket No. 6).

### III

■ At the outset the Court notes that this case is still very much in its initial stage. Indeed, the controversy which has been raised by the parties is whether removal of this case from the local courts is appropriate or whether it should be remanded back to the local court. And at the center of this controversy is whether the statutory requirements of a "special removal statute," namely 28 U.S.C. § 1442, are met in this case.[1] That statute provides that:

(a) A **civil action** or criminal prosecution **commenced in a State court against any of the following may be removed by them to the district court of the United States** for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

---

1. The Court agrees with Magistrate Delgado that, aside from a mere "passing reference" to 28 U.S.C. § 1441 (the general removal statute), FCPR does not argue that removal is grounded upon § 1441, but on § 1442(a)(2). Thus, § 1441 will not be considered, and the appropriateness of removal in this case will be analyzed only in the specific context of § 1442. Arguments not raised, are deemed waived. "[A] plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir.1991); *United States v.*

*Nee*, 261 F.3d 79, 86 (1st Cir.2001)(*citing, United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990)) ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace")(internal citations and quotations omitted); *see also United States v. Barnett*, 989 F.2d 546, 554 (1st Cir.1993)("Issues not squarely raised in the district court will not be entertained on appeal")(internal citations, quotations, and alterations omitted).

**(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.**

(3) Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties;

(4) Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House.

(b) A personal action commenced in any State court by an alien against any citizen of a State who is, or at the time the alleged action accrued was, a civil officer of the United States and is a nonresident of such State, wherein jurisdiction is obtained by the State court by personal service of process, may be removed by the defendant to the district court of the United States for the district and division in which the defendant was served with process.

28 U.S.C. § 1442 (emphasis added).

The FCPR argues that, specifically, removal of this case is founded on § 1442(a)(2) because Plaintiffs' claim will necessarily affect the validity of a federal law, said law being that which Congress enacted recently enabling the transfer of title from the U.S. Government to the Municipality of Vieques and to the Government of Puerto Rico, and eventually to the FCPR.

Benitez, on the other hand, argues that the FCPR's federal action should be dismissed and/or "remanded back" to the local court due to several reasons. First, she notes that the party seeking removal—the FCPR—has the burden to show that federal jurisdiction is present here. Beni-

tez argues that the FCPR cannot meet this burden. In other words, she argues that this action does not comply with the well-pleaded-complaint rule applicable to ordinary remands under 28 U.S.C. § 1441.

Second, Benitez also argues that the FCPR lacks standing to sue, and thus dismissal is warranted here. The gist of said argument is that the FCPR is a trust, and that, under Puerto Rico law, trusts lack standing to sue. Therefore, because the FCPR is the "party" seeking removal, and it is not a juridical entity, the Court should to dismiss the case for failure to state a claim. She argues that to hold otherwise would be to grant removal in favor of a mere "spiritual" designated party, which "does not include a federal officer."[2] Benitez asserts that the FCPR's manager or trustee, Mr. Blanco, is the party who could, in theory, seek removal properly, but that since he has not, the FCPR is unable to raise a justiciable controversy for it does not exist legally. She argues that, because he was not "named" as a party "in the removal papers," Mr. Blanco remains under the jurisdiction and authority of the local court, along with the other defendants. Since he is an indispensable party, this Court lacks jurisdiction.

Benitez next argues that not all parties in the local case have joined the petition for removal, notwithstanding the rule requiring all parties to join the petition when a case is removed to the federal forum. Benitez states that the only exception to this rule is inapplicable to the case at hand, because no federal officer is being sued here for performing acts under color of federal law.

Lastly, Benitez contends that, in any event, the statute of limitations for remov-

---

2. The opposite side of the coin is that Benitez sued a "spirit" that cannot be sued and,

hence, Plaintiffs' complaint should be dismissed.

al bars such mechanism in this case. She alleges that all statutory periods, provided for a proper removal, "are out of time in this case." Benitez also makes other arguments which—as the R & R properly notes—reach the merits of the complaint, rather than the issue of whether removal is proper. As such, the Court fully agrees with the Magistrate Delgado that the merits of the case are not at issue here. The only issue at this stage of the proceedings is whether removal is proper.

## IV

 Benitez first argument is that this action, under 28 U.S.C. § 1442, fails to meet the well-pleaded—complaint rule applicable to ordinary remands. It is correct, as the R & R states, that removal statutes are strictly construed in favor of state courts' jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 103, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Therefore, the party seeking removal, that is the defendant, has the burden of demonstrating that federal jurisdiction is justified. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The FCPR urges that this action is properly removed because, under § 1442(a)(2), title to the property at issue was transferred from the Secretary of the Navy, that is, the U.S. Government, pursuant to a statute enacted by Congress specifically for that purpose. As such, the FCPR correctly argues that the validity of said federal statute is at issue here.

 Firstly, the Magistrate correctly notes that the analysis under § 1442(a)(2) requires compliance with two prongs: (1) the property in controversy must derive from an officer of the United States; and (2) the controversy regarding the property must affect the validity of any law of the United States. Here, the FCPR readily meets the initial requisite. The title of

said property is derived from an officer of the United States, namely, Duncan Holaday, Deputy Assistant Secretary of the Navy. And secondly, Benitez' claims necessarily "bring into play Public Law No. 106–398," because she claims it is invalid, inasmuch the law orders transfer of property that allegedly belongs to her and her family. Thus, the Court agrees with Magistrate Delgado that the two requisites of § 1442(a)(2) are satisfied. Thus, federal jurisdiction, and removal, are proper in this case.

 However, Benitez also argues that the FCPR lacks standing to sue, inasmuch it is a trust, which, under Puerto Rico law, lacks standing to sue. The Court concedes that trusts have no standing to sue or be sued as legal entities. *See Northern Acceptance Trust v. AMFAC, Inc.,* 51 F.R.D. 487, 489 (D.Hawai'i 1971)(trust "has no standing to sue or be sued as a legal entity and likewise cannot do for others what it cannot do for itself"); *Yonce v. Miners Memorial Hospital Assn.,* 161 F.Supp. 178, 188 (W.D.Va. 1958)("A Trust is a fiduciary relationship by which the trustees hold legal title to property for the benefit of others, and a suit by strangers to the trust must be brought against the trustees thereof individually and not against the fictional entity"); *Hershel California Fruit Products Co. v. Hunt Foods, Inc.,* 119 F.Supp. 603 (N.D.Cal.1954)("Under both the Federal Rules of Civil Procedure . . ., the trustee, rather than the trust itself, is the proper party to a legal action"); *see also* Fed. R.Civ.P. 17. Even though Puerto Rico law is less explicit regarding the standing issue, the Court must conclude that trusts are not legal entities which have standing to sue or be sued, *see* 31 P.R. Laws Ann., § 2541; *Davila v. Agrait,* 116 D.P.R. 549 (1985). Nonetheless, Benitez' argument must yield. Even accepting the proposi-

tion that the FCPR lacks standing to be sued, the Court cannot dismiss on said ground, for the Federal Rules of Civil Procedure provide that:

> Every action shall be prosecuted in the name of the real party in interest. . . . **No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest** until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]

See FED.R.CIV.P. 17(a).

Hence, the proper recourse is to dismiss the complaint as to the FCPR with leave to amend. *See Hershel,* 119 F.Supp. at 607. Nevertheless, the Court agrees with Magistrate Delgado that a liberal reading of **both** the amended complaint being removed and the Notice of Removal states in its caption that the party in interest is not the FCPR, but "Javier Blanco as Manager (Gestor) of Puerto Rico's Conservation Trust." (Docket No. 1). Dismissal (with leave to amend) would be appropriate if the defect appeared on the face of the complaint, *id.,* but it does not. To rule otherwise, seems to the Court, would be a technicality of a purely obstructive nature, which could cause undue delay and would seem against the principle behind FED. R.CIV.P. 17. Accordingly, Benitez' "technical" objection is hereby rejected. It is not the FCPR, but Mr. Javier Blanco who is the real party in interest, and who is seeking removal **on behalf of the FCPR.**

 However, the next argument raised by Benitez raises a critical point. She argues that not all parties in the local case have joined the petition for removal, notwithstanding the rule requiring all parties to join the petition when a case is removed to the federal forum. Benitez states that the only exception to this rule is inapplicable to the case at hand, because no federal officer is being sued here for performing acts under color of federal law. See 28 U.S.C. § 1442(a)(1). At the outset, the Court underscores that when removal is appropriate **in a diversity jurisdiction case, all** parties in the state-side case are obligated to join the petition for removal to the federal courts. In other words, as a general rule, **under diversity grounds, all defendants must join** in the removal petition. *See Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985). This rule suffers an important exception of inapplicability when the codefendants were not served in the state proceedings. *Id.,* at 68; *see also DiCesare–Engler Productions, Inc. v. Mainman, Ltd.,* 421 F.Supp. 116 (W.D.Pa. 1976). Furthermore, the R & R correctly notes that the rule is **totally inapplicable** when the statute providing removal authorizes a federal officer to remove a case to federal court pursuant to grounds other than diversity. *See* 28 U.S.C. § 1442(a)(1)(federal officers sued for their acts under color of their office have an independent right to remove to federal courts); *Akin v. Ashland Chem. Co.,* 156 F.3d 1030, 1034 (10th Cir.1998)("the 'general government' must be able to assure each of its officers that a federal forum will be available if he wishes it, whether others sued with him wish it or no")(*citing Bradford v. Harding,* 284 F.2d 307, 310 (2d. Cir.1960)). Nonetheless, the Court concedes that the party seeking removal here is not a federal officer, but it is the FCPR, a Puerto Rican trust,[3] which is seeking removal.

Perhaps the Court could attempt to address the issue of whether all defendants must join in the removal petition when the

---

3. That is, the FCPR, through one of its trust- ees.

petition is sought pursuant to federal question jurisdiction, under 28 U.S.C. § 1331 and the general removal statute, 28 U.S.C. § 1441. However, the Court need not do so since the statute under which removal is sought here is not the general removal statute, but—as the R & R notes it is sought under a special removal statute, namely, 28 U.S.C. § 1442(a)(2). And as stated above, the language employed in § 1442(a)(2) is extremely particular. It provides, *inter alia,* that removal is appropriate when a civil action is commenced against "[a] property holder whose title is derived from any such officer [*i.e.,* a U.S. officer], where such action or prosecution affects the validity of any law of the United States." The logic of a remand under § 1442(a)(2) is identical to a remand under subsection (a)(1), namely, "[t]he Congressional policy permitting federal officer [or, as in this case, property holder] removal [which] could be easily be frustrated by simply joining non-federal defendants unwilling to remove if consent of co-defendant(s) were required." *Akin,* 156 F.3d at 1034. But when said plaintiff has sued a defendant which Congress has undisputably granted a right to removal through a special removal statute such as § 1442(a)(1) **and (a)(2),** then it is sufficient that said defendant comply with the statutory requirements established by Congress in order to properly remove plaintiff's case to federal courts. Therefore, because the FCPR, which is seeking removal here, meets the particularly defined exception provided by Congress in § 1442(a)(2), as noted above, then the Court must conclude that removal is appropriate.

■ Nevertheless, this does not solve the problem raised by Benitez, of whether all designated defendants must join the petition of removal. The Court however rejects at the outset Benitez' argument that all defendants must join the petition

or removal under § 1442(a)(2), as it is necessary when federal diversity jurisdiction is invoked and removal sought under the general removal statute, § 1442. The Court deems that it is sufficient that the property title holder under § 1442(a)(2), **which Congress has particular and specifically granted an independent right of removal to federal courts,** move for removal **as an independent exercise of said right, regardless of whether any other defendants join the petition.** Therefore, under such circumstances the Court finds reasonable to similarly exempt such a defendant from the (uncodified) rule requiring joint petitioning of removal, such as when the defendant is an officer of the United States, under § 1442(a)(1). Thus, the Court holds that the same exception which applies to federal officers under § 1442(a)(1), which exempts them from the joint-petitioning rule, is equally applicable to property title holders of the kind specified in § 1442(a)(2). *Accord Akin,* 156 F.3d at 1034; *Ely Valley Mines, Inc. v. Hartford Acc. & Indemn. Co.,* 644 F.2d 1310 (9th Cir.1981); *Bradford v. Harding,* 284 F.2d 307 (2d. Cir.1960). To hold otherwise would clearly defeat the underlying purposes of § 1442(a)(2) which are, to wit, make available the federal forum to certain property title holders (such as the FCPR), while at the same time, ensure the general protection of the laws enacted by Congress, which federal judges are sworn to righteously interpret and uphold.

■ Related to this issue, is a point which both parties have missed altogether, which the Court will pass upon briefly. To wit, because the FCPR, as a trust, lacks standing, a suit against it "must be brought against the trustees thereof individually . . . ." *Yonce,* 161 F.Supp. at 188. Thus, even if Mr. Blanco has been joined as a defendant, all other trustees must be brought individually in order to satisfy the Court's *in personam* jurisdiction. It is insufficient under the law to have served

process on Mr. Blanco in representation of the FCPR. That is, Dr. Thomas Lovejoy, Dr. Arleen Pabon and Ms. Kate Romero, as trustees of the FCPR must be served with process, pursuant to FED.R.CIV.P. 17(a) and FED.R.CIV.P. 4. Since they have not been served with process, any argument that all co-defendants have not been joined is **premature**.

Lastly, Benitez contends that, in any event, removal of this case was untimely filed. The Court, however, agrees with the R & R's analysis that the Notice of Removal here is timely. 28 U.S.C. § 1446(b) provides that notice of removal shall be filed within 30 days from receipt by the defendant of service of process of the amended complaint. See 28 U.S.C. § 1446(b). Therefore, because service or process with copy of the amended complaint was executed on Mr. Blanco on **July 20,** 2001, and the Notice of Removal was filed on **August 7,** 2001, the 30 day period was complied. Thus, Benitez' last argument clearly fails.

### V

In conclusion, the Report and Recommendation issued by Magistrate Aida Delgado is **ADOPTED** *in toto*. (Docket No. 25). Removal in this case is appropriate, pursuant to 28 U.S.C. § 1442(a)(2). However, Dr. Thomas Lovejoy, Dr. Arleen Pabon and Ms. Kate Romero, as trustees of the FCPR must be added as co-defendants by service of process, pursuant to FED. R.CIV.P. 17(a) and FED.R.CIV.P. 4.

**WHEREFORE,** the Court hereby **DENIES** Benitez' Motion to Dismiss and/or Remand (Docket No. 6). For administrative purposes, this Opinion and Order dispenses with Docket Nos. 6, 8, 17 and 25.

**IT IS SO ORDERED.**